# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2859

_____

United States of America,   *
          *
   Appellee,    *
          * Appeal from the United States
 v.         * District Court for the
          * District of Minnesota.
Anthony Augustine Lucca,  *
          *
   Appellant.   *

_____

Submitted: March 11, 2004
Filed: July 30, 2004

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Anthony Lucca pled guilty to two counts of possession with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 841(a)(1). Prior to trial, Lucca moved to suppress the evidence obtained from the execution of a warrant that authorized the search of his residence, vehicles, and person. In connection with that motion, Lucca requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), in support of his claim that the warrant application included material false statements. Lucca also moved to dismiss all counts brought under 21 U.S.C. § 841 on the ground that the statute was unconstitutional in light of *Apprendi v. New Jersey*,

530 U.S. 466 (2000). The district court,[1] adopting the report and recommendation of a magistrate judge,[2] denied the motions, and Lucca entered a conditional plea of guilty that reserved the right to appeal the denial of his motions. During the pendency of this appeal, Lucca filed a motion to remand the case for a *Franks* hearing in light of "newly discovered evidence" that he submitted on appeal. We deny the motion to remand and affirm the judgment of the district court.

I.

Lucca claims that the affidavit in support of the search warrant for his residence included intentional false statements that were necessary to the issuing court's finding of probable cause. He argues that the alleged false statements are revealed by considering the testimony of the affiant, Officer John Decker, concerning the affidavit submitted in his case and an affidavit proffered in support of another search warrant for the residence of one Jade Wegner.

The Wegner warrant application, including an affidavit from Captain Robert Byman of the Koochiching County Sheriff's Office, was submitted to a Minnesota state court judge on May 5, 2002. On May 6, police executed the search warrant and seized cocaine from Wegner's residence. Also on May 6, a Minnesota state court judge approved a search warrant for the residence, vehicles, and person of Anthony Lucca. The application for this warrant included an affidavit of Officer Decker of the International Falls Police Department. The Lucca search warrant also was executed on May 6, and police discovered cocaine, methamphetamine, marijuana, $16,121 in U.S. currency, drug paraphernalia, and scales at Lucca's property.

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

[2]The Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

-2-

Decker's affidavit in support of the Lucca warrant relied in part on information from a "confidential reliable informant" ("CRI"). According to the affidavit, this CRI previously had provided information to the police that resulted in several successful searches, convictions, and controlled narcotics purchases. Decker stated in his affidavit that within the last 72 hours, the CRI reported to him that Lucca was in possession of cocaine, and that a cocaine transaction had transpired between Lucca and Wegner. The affidavit also stated that the search of the Wegner residence resulted in the discovery of cocaine. Decker further explained that an officer conducting surveillance of Lucca on April 30 had witnessed Wegner visit Lucca's residence for about 25 minutes, and observed other vehicles making short stops at the residence during that time. The affidavit also recounted that Lucca had previous arrests and convictions for controlled substance offenses, and that other sources and CRIs had reported to Decker and other officers that Lucca was distributing controlled substances. Finally, Decker stated that according to Captain Byman, a confidential informant reported that Lucca was in possession of controlled substances in an ice fishing house during the winter.

Lucca zeroes in on Decker's testimony concerning what Lucca describes as a major factual discrepancy between the Wegner and Lucca warrant affidavits. While the Lucca affidavit featured the CRI's allegation that Wegner and Lucca engaged in a drug transaction within 72 hours of May 6, the Wegner affidavit submitted on May 5 did not mention this important evidence. At a hearing on Lucca's motion to suppress, Decker first testified that the CRI information was not included in the Wegner affidavit because Decker did not receive the information until after Byman's affidavit had been submitted to the court. When Decker was confronted with the fact that the Wegner affidavit was not submitted until May 5, Decker explained that he believed it had been submitted one week earlier. Decker then testified that he had discussed the new CRI information with Captain Byman, and that Byman had decided to leave it out of the Wegner affidavit.

Lucca argues that Decker's testimony at the hearing is incredible, because if he really believed that the Wegner affidavit had been submitted in late April, then he could not have spoken with Byman in early May about whether to include the new CRI information in the Wegner affidavit. The district court concluded that Lucca's attack on Decker's credibility was much ado about nothing. The district court (and the magistrate judge) noted that Decker could have been mistaken about when the Wegner affidavit was drafted and submitted to the court, because Decker was not intimately involved in the preparation of that affidavit. Even if Decker believed that Byman already had submitted the Wegner affidavit to the court in late April, the district court thought it perfectly reasonable that Decker would share the new CRI information with Byman in early May. Under this scenario, Byman could decide whether to supplement his original affidavit or otherwise make use of the new information concerning the target of his investigation. For these reasons, the court rejected Lucca's contention that Decker's testimony was internally inconsistent.

A *Franks* hearing is required when the defendant makes "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [ ] the allegedly false statement is necessary to the finding of probable cause[.]" *Franks*, 438 U.S. at 155-56. This showing of deliberate or reckless falsehood is "not lightly met." *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987). In particular, a defendant must "point out specifically the portion of the warrant affidavit that is claimed to be false; and [the allegations] should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." *Franks*, 438 U.S. at 171. We review the district court's denial of a *Franks* hearing for an abuse of discretion. *United States v. Gabrio*, 295 F.3d 880, 882 (8th Cir.), *cert denied*, 537 U.S. 962 (2002).

We agree with the district court that Lucca did not mount a substantial preliminary showing sufficient to justify a *Franks* hearing. Like the district court, we do not believe that Decker's testimony at the suppression hearing is internally inconsistent, or that it leads to an inference that Decker falsified the CRI information included in the Lucca affidavit. That Decker said he believed the Wegner affidavit was submitted to the court in late April does not render incredible Decker's testimony that he nonetheless conveyed the new CRI information to Byman in early May, and discussed with Byman whether the information should be included in the Wegner affidavit. It was eminently reasonable for the district court to conclude that police officers confer about new information that develops in an ongoing investigation. As the magistrate judge noted in his report and recommendation, an ongoing investigation may require changes to an initial warrant affidavit or the issuance of more than one search warrant. Decker's confusion about the timing of the Wegner affidavit may have muddied the waters, but *Franks* requires stronger proof than what Lucca has pieced together to create a substantial preliminary showing of intentional falsehoods.

## II.

Lucca also filed a motion to remand the case for a *Franks* hearing in light of "newly discovered evidence." He argues that three pieces of new evidence regarding Officer Decker's credibility entitle him to a *Franks* hearing. This new information includes: (1) findings of the International Falls Police Civil Service Commission discharging Decker from the police department for taking evidence from the department for personal use, making false statements to the police chief regarding his whereabouts during a fire drill, and using a breath test device for personal use; (2) a civil complaint filed by a private citizen, alleging "[u]pon information and belief" that Decker provided "unreliable, exaggerated, or fabricated information" to a judge in order to obtain a warrant to search her property; and (3) news articles regarding

-5-

Decker's misconduct. The government contends that the new evidence would not have resulted in a *Franks* hearing even if it had been available to the district court.

We have never considered the standard for reviewing a motion to remand for a *Franks* hearing based on newly discovered evidence. Both the government and Lucca analogize the situation to a motion for new trial, which requires a movant to show that the evidence is new, the failure to discover it was not due to lack of diligence, and "the evidence is such that at a new trial it would likely produce a different outcome." *United States v. Smith*, 62 F.3d 1073, 1078 (8th Cir. 1995). According to the parties, when that standard is applied to the pending motion, we must decide whether the newly discovered evidence would likely result in a *Franks* hearing if considered by the district court.

We have some doubt whether the parties focus on the correct "outcome" that must be different before a remand is ordered. A *Franks* hearing is just a step along the way to the ultimate goal of a motion to suppress, which is to have evidence excluded, and the case dismissed. To focus on whether the district court would permit a *Franks* hearing, rather than on whether the new evidence is likely to change the overall outcome of the proceeding (*i.e.*, the defendant's conviction and sentence), may give insufficient weight to the interest in finality that motivates the rigorous standard for granting a new trial. *E.g.*, *United States v. Stofsky*, 527 F.2d 237, 243 (2d Cir. 1975). Nonetheless, because the government concedes that we should examine only whether the new evidence warrants a *Franks* hearing, and because we ultimately conclude in this case that it does not, we refrain from further analysis of the appropriate standard for such a remand motion.

We conclude that the new evidence concerning Officer Decker, when combined with the evidence presented in the district court, would not establish a substantial preliminary showing of intentional or reckless falsehoods by Decker in the Lucca warrant affidavit. While the information that Decker made a false statement

to his police chief in an unrelated matter has some bearing on his credibility, it is not sufficient standing alone to justify a *Franks* hearing on the Lucca warrant. *See United States v. Southard*, 700 F.2d 1, 9-10 (1st Cir. 1983). Nor do we view this as a case in which Decker's credibility in the search warrant affidavit was seriously challenged, such that the district court made a borderline decision to deny a *Franks* hearing. The district court's decision, rather, was based on a conceptual flaw in Lucca's submission that Decker's testimony at the suppression hearing was necessarily inconsistent.

Viewed in that light, the new information about Decker's credibility and character is not sufficient to warrant a remand. As with an informant whose information is recounted in an affidavit, we believe that where the affiant's statement are "at least partially corroborated, attacks upon credibility and reliability are not crucial to the finding of probable cause." *United States v. Humphreys*, 982 F.2d 254, 258-59 (8th Cir. 1992) (stating principle in the context of informant reliability). Here, Decker's statement that a CRI informed him of a drug deal between Lucca and Wegner was at least partially corroborated by surveillance that observed automobile traffic at Lucca's residence during a visit by Wegner in the previous week, and by the seizure of cocaine from Wegner's residence. Lucca's involvement with controlled substances also was bolstered by Captain Byman's information regarding Lucca's use of drugs at an ice fishing house, and by general intelligence received from other informants. After considering the totality of the evidence relating to the Lucca search warrant, we are not persuaded that the new evidence concerning Decker's character and credibility in unrelated matters would likely result in the ordering of a *Franks* hearing upon remand. Accordingly, we conclude that the motion to remand should be denied.

III.

Lucca also contends that there was not probable cause to support the issuance of the search warrant. As a reviewing court, we pay "great deference" to the probable cause determinations of the issuing judge or magistrate, and our inquiry is limited to discerning whether the issuing judge had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 236, 238 (1983). Even if the affidavit were deemed deficient in hindsight, moreover, evidence would not be suppressed if the police acted in good faith reliance on a search warrant issued by a neutral and detached magistrate. *United States v. Leon*, 468 U.S. 897, 922-23 (1984).

Lucca argues that because the affidavit did not provide the factual basis for the CRI's knowledge regarding Lucca's alleged drug transaction with Wegner, the warrant was not supported by the necessary probable cause. We disagree. When a confidential informant provides information in support of a search warrant, the issuing magistrate considers the informant's reliability and the basis of his knowledge. *Gates,* 462 U.S. at 233. The totality of the circumstances analysis, however, does not mandate that both factors be present before a warrant may issue. Instead, a strong showing of one may compensate for a deficiency in the other. *Id.* For example, if an "informant is known for the unusual reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause . . . ." *Id.*; *see also United States v. Anderson*, 933 F.2d 612, 615 (8th Cir. 1991). The information from a CRI is sufficiently reliable if it is corroborated by other evidence, or if the informant has a history of providing reliable information. *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993).

In this case, the CRI's reliability was supported by his previous work with the International Falls Police Department and the department's corroboration of his information. The CRI had a track record of supplying reliable information, which

resulted in three successful felony controlled substance convictions, five controlled substances purchases, and four pending controlled substance convictions. *See Gabrio*, 295 F.3d at 883 (the informant's provision of reliable information on at least two occasions and return of stolen property were sufficient to establish reliability); *United States v. Wright*, 145 F.3d 972, 975 (8th Cir. 1998) (informant's track record of reliability was established by successful controlled purchases of crack cocaine). In addition, as noted above, Decker's affidavit included corroborating information, such as the observations of Wegner's visit to the Lucca residence, and the seizure of cocaine from Wegner's residence. *See United States v. Olson*, 21 F.3d 847, 850 (8th Cir. 1994) (CRI information was reliable where independent investigation of the task force agents corroborated CRI information). We conclude that under the totality of the circumstances, the issuing judge had a substantial basis for concluding that probable cause existed.

## IV.

Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Lucca also contends that his convictions and sentence are unconstitutional, because they were based on drug quantities that the government was not required to prove as an element of the offense. Our circuit previously rejected this argument, *United States v. Carter*, 294 F.3d 978, 980-81 (8th Cir. 2002), but we must consider whether the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), has breathed new life into the claim. *Blakely* declared, in a case involving a sentencing proceeding in Washington state, that "[w]hen a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." *Id.* at 2537 (internal quotation and citation omitted).

Whatever the ramifications of *Blakely* for the constitutionality of the United States Sentencing Guidelines, we perceive no constitutional flaw in Lucca's sentence.

Lucca was sentenced to a term of 120 months imprisonment, which is the mandatory minimum term of imprisonment established by statute for a defendant who is convicted of trafficking in excess of 500 grams of a mixture or substance containing methamphetamine. 21 U.S.C. § 841(b)(1)(A). *Blakely* explained that a sentence may be imposed by a judge if it is based solely on the "*facts reflected in the jury verdict or admitted by the defendant*." 124 S. Ct. at 2537 (emphasis in original). The indictment in this case alleged that Lucca possessed with intent to distribute in excess of 500 grams of methamphetamine, and he admitted this fact as part of his guilty plea. No additional finding was required by the district court to justify the sentence of imprisonment that was imposed pursuant to § 841(b)(1)(A). Accordingly, Lucca's sentence was consistent with the Sixth Amendment as interpreted by *Blakely* and *Apprendi*.

\* \* \*

For the foregoing reasons, the motion to remand is denied, and the judgment of the district court is affirmed.

_____