# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3884

_____

United States of America,          *
                                 *

          Appellee,          *

                                 *   Appeal from the United States
      v.                      *   District Court for the Western
                                 *   District of Missouri.

Roy W. Holt,                 *

                                 *      [UNPUBLISHED]
          Appellant.      *

_____

Submitted: May 10, 2005
Filed: May 19, 2005

_____

Before LOKEN, Chief Judge, BEAM, and SMITH, Circuit Judges.

_____

PER CURIAM.

Roy Holt entered a conditional plea of guilty to two counts of possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Holt appeals the district court's[1] denial of his motion to suppress evidence obtained with a warrant. He argues (1) the warrant was defective for lack of sufficient probable cause, and (2) the <u>Leon</u> good-faith exception does not save the warrant. Having reviewed the record and arguments presented, we affirm.

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

## I.    BACKGROUND

On April 29, 2003, Texas County Sheriff's Deputy Jimmie D. Willis applied for a search warrant for Holt's home. Holt was facing drug-related charges stemming from a previous search which had turned up marijuana plants growing at his residence, methamphetamine materials, and a loaded pistol. Willis also knew that Holt had purchased methamphetamine precursors.

The affidavit Willis submitted to apply for the warrant at issue was based on information from his own observations and information he received. It stated that (1) Willis is a methamphetamine investigator; (2) information had been received since March 2003 that Holt was involved in manufacturing methamphetamine; (3) Holt was currently out on bond on charges of methamphetamine possession and growing marijuana; (4) Willis had received at least eight anonymous tips over the past two months regarding Holt's involvement in manufacturing methamphetamine; (5) on numerous occasions, Willis had observed cars belonging to known methamphetamine users parked at Holt's residence; (6) on April 23, 2003, the Licking, Missouri, Police Department received an anonymous tip that methamphetamine was being produced at Holt's residence; (7) Willis drove by Holt's residence around 4:00 a.m. on April 23, 2003, and saw several cars, one belonging to a known methamphetamine cook and user currently out on bond for methamphetamine manufacturing charges, parked in a driveway to an outbuilding; and (8) on April 29, 2003, a reliable confidential informant (CI) told Willis that Holt and Vicki Peterson (the known methamphetamine cook and user) were going to cook methamphetamine in the woods behind Holt's residence that day. The warrant was issued and officers seized a 12-gauge shotgun, a .22 caliber rifle, a .22 caliber revolver, and .22 caliber pistol, and materials used to manufacture methamphetamine.

## II. DISCUSSION

Holt first argues that the affidavit used to secure the warrant lacked probable cause because it failed to indicate any reliability on the part of the CI, and failed to provide any meaningful corroboration of information provided by the anonymous tips. He argues that without those portions of the affidavit, what remains falls short of providing probable cause.

A magistrate judge issuing a search warrant based in part on information from a CI considers, under the totality of the circumstances, the CI's reliability and the basis of his knowledge. United States v. Lucca, 377 F.3d 927, 933 (8th Cir. 2004). And where police rely on anonymous tips from an unknown caller whose reliability cannot be determined, the police must suitably corroborate the information alleged by the tip. United States v. Wells, 223 F.3d 835, 839 (8th Cir. 2000). In this case, the affidavit was the sole basis on which the warrant was issued, so the reliability of the CI, corroboration of the anonymous tips, or both must be found in that document. United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995) (where a magistrate judge relies solely on the affidavit, only the information found within the four corners of the affidavit may be considered to determine probable cause). While it is a close call, we note that Willis did, in the affidavit, reference the tip from the CI as being from a "reliable source." And Willis included in the affidavit that he followed up on the April 23 anonymous tip that methamphetamine was being cooked at Holt's residence by observing cars parked there early that morning. He stated that at least one of those cars belonged to a known methamphetamine cook and user facing drug charges.

But we need not rely on the contents of the affidavit alone to find that the evidence seized under this warrant was admissible. The Leon good-faith exception to the exclusionary rule provides that evidence obtained by an officer who relies in objective good faith on the validity of the warrant will not be suppressed. United States v. Hessman, 369 F.3d 1016, 1020 (8th Cir. 2004), cert. denied, 125 S. Ct. 917

-3-

(2005). "When assessing the objective reasonableness of police officers executing a warrant, we must look to the totality of the circumstances, including any information known to the officers but not presented to the issuing judge." United States v. Marion, 238 F.3d 965, 969 (8th Cir. 2001) (quotation omitted). Whether or not the affidavit lacked sufficient details to support the CI's tip, those details were known to Willis. Willis testified at the suppression hearing that the CI was reliable and that information from the CI had led to drug arrests at times previous to this warrant being executed. Willis' knowledge that the CI was reliable made his reliance on the warrant objectively reasonable under the Leon good-faith exception. And, under the totality-of-the-circumstances analysis, we are satisfied that the CI's information, along with the remainder of the information in the affidavit, constituted a sufficient basis for execution of the warrant. See Lucca, 377 F.3d at 933.

## III.   CONCLUSION

Accordingly, we affirm.

_____