# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2742

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Donald T. Talbott, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 10, 2005
Filed: May 19, 2005

_____

Before MURPHY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Donald T. Talbott pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine. In the written plea agreement, Talbott agreed that he "should be held responsible beyond a reasonable doubt for at least 1.5 kilograms but less than 5 kilograms of a substance containing methamphetamine." In the agreement, Talbott also admitted "that he possessed a firearm in connection with the felony offense . . . and that such conduct qualifie[d] him for a two level upward adjustment to his base offense level."

Talbott now appeals his sentence arguing that his sentence violates his Sixth Amendment rights under Blakely v. Washington, 124 S. Ct. 2531 (2004), because the sentence is based on facts not admitted by him or proven to a jury beyond a reasonable doubt. We disagree. Blakely states that when a defendant pleads guilty, the Government is free to seek judicial sentence enhancements if the defendant stipulates to the relevant facts. Id. at 2541. Because Talbott was sentenced based solely on facts he admitted as part of his guilty plea, Blakely is not implicated. United States v. Lucca, 377 F.3d 927, 934 (8th Cir. 2004).

Talbott acknowledges that a defendant may waive his Sixth Amendment right to a jury determination of facts, but contends he did not validly waive the right because he signed his plea agreement before Blakely clarified the right. At the time of Talbott's plea agreement, however, defendants could argue the Sixth Amendment and Apprendi v. New Jersey, 530 U.S. 466 (2000), required a jury to find facts used to enhance a sentence. Talbott did not do so, and instead chose to plead guilty in exchange for the Government's agreement to drop some of the charges against him.

Besides, in the district court, Talbott raised no sentencing issue under Blakely or United States v. Booker, 125 S. Ct. 738 (2005), so any review would be for plain error. United States v. Pirani, 2005 WL 1039976, at *3 (8th Cir. May 5, 2005). To establish plain error, the defendant must show a reasonable probability that but for the error, he would have received a more favorable sentence. Id. at *6. Talbott has not tried to make this showing. Thus, there is no plain error under Booker. In any event, we are satisfied Talbott's sentence is reasonable.

Accordingly, we affirm Talbott's sentence.

_____