# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3348

_____

United States of America,                  *
                                            *
                 Appellee,                  *
                                            *   Appeal from the United States
         v.                                 *   District Court for the
                                            *   Western District of Arkansas.
Joshua Lee Philpott,                        *
                                            *       [UNPUBLISHED]
                 Appellant.                 *

_____

Submitted: January 13, 2006
Filed:  February 9, 2006

_____

Before SMITH and HANSEN, Circuit Judges, and BOGUE,[1] District Judge.

_____

PER CURIAM.

Joshua Lee Philpott (Philpott) entered a conditional guilty plea to a charge of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). The district court[2] sentenced Philpott to 37 months' imprisonment and 3 years' supervised release.  Philpott appeals, arguing the district court erred in denying his motion to suppress evidence seized when Philpott was arrested.

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

Officers obtained a state search warrant authorizing a search for marijuana and methamphetamine at an apartment in Fort Smith, Arkansas. The affidavit in support of the search warrant application stated the officers received information from a reliable confidential informant that Philpott and others were present in the apartment. The affidavit stated that the confidential informant had provided reliable information in the past that had resulted in one felony arrest and two misdemeanor arrests. The affidavit stated the confidential informant provided information against his own penal interest, and that the confidential informant was familiar with drugs through his personal use. The affidavit also stated the confidential informant had seen six to ten pounds of marijuana in the apartment and four ounces of methamphetamine in Philpott's possession. An officer surveilling the apartment saw Philpott arrive at and go into the apartment, then leave the apartment carrying a backpack. Officers then executed the warrant, seizing three duffel bags with marijuana residue from the apartment. Officers also found three documents bearing Philpott's name in Philpott's worn clothing on a bedroom floor.

During the search, Philpott returned to the apartment complex. An officer went down to the parking lot and directed Philpott to place his hands on the steering wheel of his vehicle. Philpott refused to comply. The officer then directed Philpott to exit the vehicle. When Philpott began to exit, the officer saw the butt of a handgun under Philpott's thigh. Philpott was taken to the ground and handcuffed. A search of Philpott uncovered a small amount of ecstacy. A search of the vehicle revealed another gun in the front seat.

After he was indicted, Philpott moved to suppress the evidence seized, arguing the officers lacked probable cause to arrest him. The magistrate judge[3] recommended the district court deny Philpott's motion, finding the officers had probable cause to

---

[3]The Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

arrest Philpott. The district court adopted the magistrate judge's report and recommendation in its entirety and denied Philpott's motion to suppress.

On appeal, Philpott argues the district court erred in denying his motion to suppress, claiming the officers lacked probable cause to arrest him. "We will affirm a district court's order denying a defendant's motion to suppress unless the decision is unsupported by substantial evidence, is based on an erroneous view of the applicable law, or in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." United States v. Hines, 387 F.3d 690, 694 (8th Cir. 2004) (internal citations and quotations omitted). "We review the district court's factual findings for clear error and review de novo the ultimate question of whether there was a Fourth Amendment violation." Id. "Probable cause to conduct a warrantless arrest exists when at the moment of arrest police have knowledge of facts and circumstances grounded in reasonably trustworthy information sufficient to warrant a belief by a prudent person that an offense has been or is being committed by the person to be arrested." United States v. Hartje, 251 F.3d 771, 775 (8th Cir. 2001). This reasonably trustworthy information may be provided by a confidential informant, if that confidential informant has a history of supplying reliable information. United States v. Lucca, 377 F.3d 927, 933 (8th Cir. 2004). Viewing the totality of the circumstances, we hold that the officers had probable cause to arrest Philpott, based on the information uncovered during the search of the apartment and Philpott's actions in and around the apartment. Accordingly, we affirm.

_____

-3-