# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1564

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Danny Ray Hart, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 22, 2008
Filed: October 15, 2008

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Danny Ray Hart of aiding and abetting the distribution of at least five grams of cocaine base, and possessing with intent to distribute five grams or more of cocaine base—both in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court[1] sentenced Hart to 195 months' imprisonment, followed by eight years of supervised release. Hart appeals, claiming Fourth Amendment, *Batson*, and sentencing errors. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

## I.

Melissa Dawn Adams contacted Hart on July 17, 2006, to acquire crack cocaine. Hart gave Adams 11.7 grams of cocaine base, which she sold in a controlled purchase. An undercover police officer observed Hart's role in the controlled purchase. A grand jury indicted Hart on June 21, 2007, for aiding and abetting the sale of crack cocaine.

Three weeks after the indictment, police obtained a search warrant for Hart's house. According to the supporting affidavit, a reliable confidential informant notified police on July 9, 2007, that he had observed a large quantity of drugs in Hart's residence. The affidavit also described a controlled purchase of crack cocaine from Hart on July 11.

Officers executed the search warrant on July 13. Finding Hart at home alone, they arrested him. Police found 9.2 grams of crack cocaine, marijuana, plastic baggies, $1,600 in cash, surveillance system equipment, and a briefcase with records. They also seized electronic appliances possibly given to Hart for drugs.

Hart moved to suppress the items seized. The district court suppressed the electronic appliances, finding an insufficient link to drug sales. The court denied the rest of Hart's motion.

During voir dire, the government peremptorily struck the only two African-Americans in the jury pool. In response to Hart's *Batson* challenge, the government explained that it struck Venireperson 37 because her brother was charged with drug possession, and Venireperson 41 because his wife was charged with a drug offense. The court rejected the *Batson* challenge.

Sentencing Hart, the district court found him responsible for 1,114.9 grams of cocaine base. The court added the quantity from the controlled purchase, 11.7 grams, to the quantity found in Hart's home, 9.2 grams, for a total of 20.9 grams. The court also accepted Adams's trial testimony that she obtained two grams of crack cocaine from Hart every day for 18 months. This made Hart responsible for an additional 1,094 grams of cocaine base as relevant conduct under U.S.S.G. § 1B1.3(a).[2] The court determined the Guidelines range as 188-to-235 months before sentencing Hart to 195 months' imprisonment.

## II.

Hart argues that the district court erred by denying his motion to suppress because the warrant application does not establish probable cause. This court reviews the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Richardson*, 537 F.3d 951, 956 (8th Cir. 2008).

Hart contends that the warrant affidavit fails to establish probable cause because it does not indicate that the controlled purchase was unrecorded, that only the informant witnessed the sale, or that police did not use marked bills. Hart also asserts that the substance sold during the July 11 controlled purchase was not cocaine base since the government never introduced it at trial or during sentencing.

"[N]o Warrants shall issue, but upon probable cause, supported by Oath or affirmation . . . ." **U.S. Const. amend. IV**. "Probable cause has been shown if the warrant application and affidavit describe circumstances showing 'a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Robinson*, 536 F.3d 874, 877 (8th Cir. 2008), *quoting Illinois v. Gates*, 462

[2]The district court reached 1,094 grams by multiplying two grams by 547, the number of days in 18 months.

U.S. 213, 238 (1983). "When reviewing the sufficiency of an affidavit to support a finding of probable cause, we consider the totality of the circumstances." ***United States v. Jeanetta***, 533 F.3d 651, 654 (8th Cir. 2008). A search warrant may be invalidated because of omitted facts if (1) "the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading" and (2) "the affidavit, if supplemented by the omitted information would not have been sufficient to support a finding of probable cause." ***United States v. Williams***, 477 F.3d 554, 557 (8th Cir. 2007) (quotations and citation omitted).

The affidavit established probable cause. It stated that the confidential informant had provided reliable information in the past, and it described the July 9 tip and July 11 controlled purchase. "The statements of a reliable confidential informant are themselves sufficient to support probable cause for a search warrant." ***United States v. Wright***, 145 F.3d 972, 975 (8th Cir. 1998); *see also* ***United States v. Brown***, 499 F.3d 817, 821 (8th Cir. 2007), *cert. denied*, 128 S. Ct. 1222 (2008) (upholding search warrant based on a tip from a "reliable confidential informant" even though the affidavit did not describe the basis of the informant's reliability). In *United States v. Durham*, 470 F.3d 727 (8th Cir. 2006), cited by Hart, a warrant was upheld when an informant's tip was independently corroborated. Moreover, the *Durham* court recognized that a warrant is also valid if "the informant has provided reliable information in the past"—as is the case here. *See **id.*** at 733.

In this case, the omitted facts are irrelevant. The reliable informant's tip and the controlled buy established probable cause.

III.

Hart also appeals the district court's rejection of his *Batson* challenge. This court reviews a district court's denial of a *Batson* challenge for clear error. ***United***

-4-

*States v. Haskell*, 468 F.3d 1064, 1071 (8th Cir. 2006), *cert. denied*, 127 S. Ct. 2446 (2007).

Under *Batson*, a district court applies a three-step process when a defendant alleges that a prosecutor's juror strikes are racially motivated.

> First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. Although the prosecutor must present a comprehensible reason, the second step of this process does not demand an explanation that is persuasive, or even plausible; so long as the reason is not inherently discriminatory, it suffices. Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination. This final step involves evaluating the persuasiveness of the justification proffered by the prosecutor, but the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.

*Rice v. Collins*, 546 U.S. 333, 338 (2006) (quotations and citations omitted).

Here, Hart challenged the government's peremptory strikes against the two African-American venire members. In response, the prosecutor stated that he struck them because each had a close family member prosecuted for drugs. The district court then found that Hart did not show purposeful discrimination, since every similarly-situated prospective juror was struck either by the government or by the court. Of the prospective jurors whose family members had drug-related criminal histories, the district court dismissed two through random selection, the government struck two for cause, and the government peremptorily struck the remaining four.

The court's *Batson* ruling was not clearly erroneous. *See United States v. Maxwell*, 473 F.3d 868, 871 (8th Cir. 2007), *cert. denied*, 127 S. Ct. 2292 (2007) (in drug case, striking prospective juror who favored drug legalization and had family member facing drug charges was not a *Batson* violation); *United States v. McKay*, 431 F.3d 1085, 1092 (8th Cir. 2005) (finding no *Batson* violation in drug case when the government peremptorily struck prospective juror with two family members convicted of drug felonies).

Hart's reliance on *Snyder v. Louisiana*, 128 S. Ct. 1203 (2008), is unavailing. There, the Supreme Court found a *Batson* violation when the government peremptorily struck an African-American who expressed scheduling concerns, but did not strike similarly-situated white venire members. *Id.* at 1209-12. Here, however, all venire members similarly situated to the two African-Americans were struck. There was no *Batson* violation.

IV.

Hart also contends that the district erred at sentencing. This court reviews the district court's relevant conduct findings for clear error, and its interpretation of the Sentencing Guidelines de novo. *United States v. Hogan*, 539 F.3d 916, 925 (8th Cir. 2008).

Hart asserts that the district court clearly erred by finding 1,114.9 grams of cocaine base as relevant conduct under U.S.S.G. § 1B1.3(a). The court combined the physical evidence, 20.9 grams of cocaine base, with an extrapolated 1,094 grams from Adams's trial testimony. Hart notes that the government may prove quantities by a preponderance of evidence, and that the district court may estimate amounts. *See United States v. Cole*, 537 F.3d 923, 929 (8th Cir. 2008) (applying preponderance of evidence standard to determine drug quantity at sentencing); *United States v. King*,

518 F.3d 571, 575 (8th Cir. 2008) (affirming drug quantity calculation based on extrapolation); **U.S.S.G. § 2D1.1 n.12** ("the court shall approximate the quantity of the controlled substance").  Hart maintains that the district court erred by relying on Adams's testimony, which he attacks as incredible as a matter of law.

Adams testified that, beginning in the spring of 2005, she purchased crack cocaine "[a]t least twice a day" from Hart.  She stated that each of her two daily purchases was for one gram, at $40 per gram.  Adams said she cleaned Hart's house for money and worked at a country club; she also testified that she eventually stopped buying drugs from Hart because she owed him money.

Adams's testimony is incredible as a matter of law, according to Hart, because Adams lacked the money to purchase 1,094 grams of crack cocaine at $40 a gram—a drug habit costing more than $40,000 over eighteen months.  Hart stresses that Adams has been a drug addict for 15 years, is bipolar, and has three forgery convictions.

The district court specifically found Adams's testimony credible.  "It is . . . well established that in sentencing matters a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal." *United States v. Jones*, 539 F.3d 895, 897 (8th Cir. 2008), *quoting United States v. Quintana*, 340 F.3d 700, 702 (8th Cir. 2003).  The court noted that while it was "unreasonable" to believe that Adams purchased two grams of crack cocaine from Hart every single day, "she did clearly purchase in excess of 500 grams and really probably closer to the 1,094 grams of cocaine base from Mr. Hart."  Since U.S.S.G. § 2D1.1(a)(3) establishes a base offense level of 34 when the defendant is responsible for at least 500 grams, Hart must show that Adams's testimony fails to support a finding of at least 500 grams.

The district court did not clearly err by finding relevant conduct of at least 500 grams of cocaine base.  Hart cites cases noting that testimony is incredible as a matter

of law if based on physical impossibility. *See **United States v. Hernandez***, 13 F.3d 248, 252-53 (7th Cir. 1994) (testimony is incredible as a matter of law if it was "impossible under the laws of nature for the occurrence to have taken place at all"); ***United States v. Blas***, 947 F.2d 1320, 1325 (7th Cir. 1991) (testimony is incredible if it was "physically impossible for the witness to observe that which he or she claims occurred, or impossible under the laws of nature"). Adams's testimony was not based on physical impossibility. Adams was addicted to crack cocaine and regularly visited Hart, a drug dealer. It is not incredible as a matter of law to find that Hart supplied her with at least 500 grams of cocaine base over 18 months.

V.

The judgment of the district court is affirmed.