# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1663

_____

United States of America

*Plaintiff - Appellee*

v.

Glen Ray Allen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: November 16, 2012
Filed: February 4, 2013

_____

Before SMITH, BEAM, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Glen Allen appeals the order of the district court[1] denying his motion to suppress the evidence obtained from a search of his vehicle. For the reasons discussed below, we affirm.

On March 30, 2010, Allen was driving a green sport utility vehicle ("SUV") on Interstate 30 near Arkadelphia, Arkansas, when he was observed by Arkansas State Police Officer Adam Pinner, who was assigned to a drug interdiction team. Officer Pinner was driving a marked police vehicle in the same direction as the green SUV. According to his testimony at the suppression hearing, Officer Pinner immediately suspected, based on his experience, that the SUV was a rental vehicle because it was new, clean, had no window tinting, and had no dealer insignia on the rear of the vehicle. Officer Pinner testified that he drove for one or two minutes beside the green SUV and paced it at a speed of seventy-five miles per hour. The speed limit was seventy miles per hour. He later identified Allen as the driver of the green SUV.

While pacing the green SUV, Officer Pinner also observed a white minivan traveling approximately four car lengths in front of the green SUV at the same speed, and he suspected, based on the same indicators as with the green SUV, that it was a rental vehicle as well. Both vehicles displayed Texas license plates, and Officer Pinner knew that Texas was a "source state" for narcotics entering into Arkansas. Officer Pinner also testified that, in his experience, a tandem driving formation of rental vehicles suggested a possible narcotics transporting arrangement. He traveled alongside the white minivan and observed that the rear seats were folded down and that the driver, later identified as Jennifer Lenda, appeared nervous. As Officer Pinner continued to observe the white minivan, it crossed the fog line, and he then

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, adopting the report and recommendation of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

initiated a traffic stop. The green SUV passed the site of the traffic stop and continued traveling on the interstate.

As Officer Pinner approached on foot along the passenger side of the white minivan to speak with the driver, he observed that the cargo area was packed with large bundles, covered by a large blanket. When Officer Pinner reached the passenger-side window, he detected an "overwhelming" odor of "green" marijuana, despite a candle burning in the central console. Officer Pinner placed Lenda under arrest and immediately radioed his fellow officers that he had discovered a large amount of marijuana. He also stated that the green SUV should be stopped because he suspected it was traveling with the white minivan.

Officer Eric Henson was parked about five miles down the interstate, near the outlet of the first exit ramp past the site of the traffic stop. He observed a green Hyundai SUV matching Officer Pinner's description exit the interstate. Officer Henson testified that he initiated a traffic stop on the green SUV "for investigative reasons to see if he was traveling with this other vehicle [the white minivan] or not." The officers soon learned that the green SUV and the white minivan were rented on the same day from the same rental location in Champion, Texas, and they arrested Allen. The officers also inventoried the green SUV and discovered multiple cellular phones and SIM cards.

Allen was charged with conspiracy to distribute and possession with intent to distribute marijuana. He moved to suppress the evidence obtained from the search of both the white minivan and the green SUV, arguing that law enforcement had no probable cause for either traffic stop. The district court held that Allen had no standing to challenge the search of the white minivan because he failed to demonstrate any reasonable expectation of privacy in that vehicle. The district court also found probable cause to justify the stop of the green SUV based on Officer Pinner's testimony that Allen was driving seventy-five miles per hour in a seventy-

mile-per-hour zone.  Allen then entered a plea of guilty, conditioned on his right to appeal the denial of his motion to suppress.

In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and the ultimate question of whether the Fourth Amendment was violated *de novo*.  *United States v. Craig*, 630 F.3d 717, 721 (8th Cir. 2011).  We may affirm the denial of a motion to suppress on any grounds supported by the record.  *United States v. Keele*, 589 F.3d 940, 943 (8th Cir. 2009).  At oral argument, Allen conceded that he lacks standing to challenge the search of the white minivan driven by Lenda.  Therefore, we review the denial of his motion only with respect to the traffic stop of the green SUV.

Allen contends that it was clear error to credit Officer Pinner's testimony that Allen was exceeding the speed limit because Officer Pinner did not stop Allen at the time he purportedly observed Allen to be speeding, make any reference to speeding during the incident or to other officers, or include any reference to speeding in his police report.  Even if a speeding violation did not provide probable cause for the traffic stop, however, the stop nevertheless was justified based on a reasonable suspicion that Allen was involved in trafficking marijuana.

"An investigatory, or *Terry*, stop without a warrant is valid only if police officers have a reasonable and articulable suspicion that criminal activity may be afoot."  *United States v. Navarrete-Barron*, 192 F.3d 786, 790 (8th Cir. 1999) (citing *Terry v. Ohio*, 392 U.S. 1, 25-31 (1968)).  "When justifying a particular stop, police officers 'must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'"  *Id.* (quoting *Terry*, 392 U.S. at 21).  "In deciding whether to conduct a *Terry* stop, an officer may rely on information provided by other officers as well as any information known to the team of officers conducting the investigation."  *Id.*

Here, it was not unreasonable to initiate a brief stop of the green SUV to investigate its possible association with the white minivan. For example, in *United States v. Ortiz-Monroy*, 332 F.3d 525 (8th Cir. 2003), an officer observed two vehicles traveling in tandem, initiated a traffic stop of one of them, and observed a drug dog alert to the stopped vehicle. *Id.* at 527. We concluded that law enforcement had a reasonable and articulable suspicion to stop the second vehicle because both vehicles "had California tags," "[a] drug dog had alerted to the tires on the [first vehicle], indicating that drugs had been present at some time," and "[b]ased on his training and experience, [the officer] knew that drug transporters often travel in tandem." *Id.* at 529; *cf. United States v. Rodriguez-Rodriguez*, 550 F.3d 1223, 1228 (10th Cir. 2008) ("Sufficient evidence that two vehicles are driving in tandem plus evidence that one vehicle contains contraband can provide probable cause sufficient to support arresting the driver of the other vehicle.").

Likewise, in the instant case, Officer Pinner observed two apparent rental vehicles with license plates from the same state traveling in tandem, and he then discovered a large quantity of marijuana in one of them. Accordingly, we conclude that the information possessed by the officers constituted "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant[ed]" the stop of the green SUV driven by Allen. *See Navarrete-Barron*, 192 F.3d at 790 (quoting *Terry*, 392 U.S. at 21).

For the foregoing reasons, we affirm the denial of the motion to suppress.

_____