# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-4003
_____

United States of America

*Plaintiff - Appellee*

v.

Gerald L. Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 22, 2013
Filed: March 7, 2014
[Unpublished]

_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Gerald Smith appeals from the district court's[1] denial of his motion to suppress evidence and also challenges two of the district court's[2] evidentiary rulings at trial. We affirm in all respects.

## I. BACKGROUND

On November 19, 2010, Officers Jeff Henson and Tatem DeWitt of the Springfield Police Department began working with a confidential informant (CI) who had been previously arrested on an unrelated matter and sought reduced charges. The CI informed the officers that he could purchase marijuana from Smith, also known as "G Nut," at any time. To establish his reliability as a CI, the officers requested that the informant engage in a controlled purchase with Smith. On November 19, the CI called Smith, and he agreed to sell the informant $30 worth of marijuana at a certain location in Springfield, Missouri. Officers listened to the phone conversation. Later that day, officers followed the CI to the meeting place and witnessed a man, whom they recognized as Smith, approach the informant's car to make the exchange. The CI returned with approximately six to seven grams of a substance that later proved to be marijuana. The CI indicated he purchased the marijuana from "G Nut."

Sometime after the controlled purchase, police received more information concerning Smith from an entirely separate informant. This second CI had consistently proved reliable in the past and informed the officers that Smith was selling marijuana out of a trailer home located at 501 W. Williams #3 in Springfield. The informant indicated that he had been inside the trailer with Smith and Smith's

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable Matt J. Whitworth, United States Magistrate Judge for the Western District of Missouri.

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

girlfriend, Shawna Krause, and witnessed marijuana in the living room area packaged for distribution. The informant also observed several people arrive at the trailer and purchase marijuana from Smith. Subsequently, officers conducted surveillance of the trailer and saw Smith and Krause leaving the residence together. Before applying for a warrant, officers confirmed that the utilities at the residence were listed in Krause's name.

On December 10, 2010, Officer DeWitt prepared a search warrant affidavit for 501 W. Williams #3, Springfield, Missouri. The affidavit recounted the information provided to officers from both CIs. In recounting the information from the first CI, Officer DeWitt stated that he had received the tip "[w]ithin the past ten days." Additionally, the affidavit contained Smith's extensive criminal record, and noted both that officers had confirmed through investigation that Smith and Krause had on occasion exited the trailer together, and that Krause held the utilities in her name. Based upon this information, the officers obtained a warrant to search 501 W. Williams #3.

On December 15, 2010, officers executed the search warrant. While inside the trailer, officers discovered a gray backpack containing several documents belonging to Smith, including mail bearing Smith's name and addressed to the 501 W. Williams #3 location. The backpack also contained two packages of green leafy material, later proving not to be marijuana; small bags containing a residue that had the scent of marijuana; and a box of .38 caliber bullets.

A grand jury indicted Smith on one count of being a felon in possession of ammunition and one count of distributing a substance with a detectable amount of marijuana. Before trial, Smith moved to suppress evidence obtained during the search and requested a Franks[3] hearing. The district court denied the motion.

---

[3]Franks v. Delaware, 438 U.S. 154 (1978).

-3-

Eventually, a jury convicted Smith on both counts. Smith now appeals the district court's denial of his motion to suppress evidence and also challenges two evidentiary rulings.

## II.  DISCUSSION

### A.  Motion to Suppress

Smith first claims the district court erred in denying his motion to suppress and request for a Franks hearing. "In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and the ultimate question of whether the Fourth Amendment was violated de novo." United States v. Allen, 705 F.3d 367, 369 (8th Cir. 2013). "We review the district court's denial of a Franks hearing for an abuse of discretion." United States v. Lucca, 377 F.3d 927, 931 (8th Cir. 2004).

Smith asserts that due to inaccuracies in the search warrant affidavit, the affidavit lacked probable cause upon which to issue a search warrant. The government concedes that the warrant affidavit contained inaccuracies. Specifically, Officer DeWitt stated that he had received information from the first CI "[w]ithin the past ten days," when, in fact, a longer period of time had passed between the time Officer DeWitt spoke with the informant and the time he applied for the search warrant. According to Smith, because information relating to the first CI contained inaccuracies, the information provided "by the second [CI] cannot be trusted," and thus the search warrant lacked probable cause. We disagree.

In Franks v. Delaware, the Supreme Court instructed that evidence must be suppressed if a defendant establishes at a hearing that (1) the search warrant affidavit contains content that is knowingly and intentionally false or embraces a reckless disregard for the truth, and (2) "the affidavit's remaining content is insufficient to

-4-

establish probable cause." 438 U.S. at 156. However, a defendant is not even entitled to a so-called Franks hearing "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." Id. at 171-72. Like the magistrate judge, we proceed on the assumption that Smith made the requisite "substantial preliminary showing" to satisfy the first prong of the Franks analysis and, therefore, evaluate the affidavit's remaining content. Id. at 155.

"The statements of a reliable [CI] are themselves sufficient to support probable cause for a search warrant." United States v. Hart, 544 F.3d 911, 914 (8th Cir. 2008) (quotation omitted). In United States v. Williams, we found the warrant affidavit provided probable cause to search when it explained: (1) that the CI had been in an apartment and observed drugs, (2) that the CI had been reliable in past instances, and (3) that officers corroborated some of the CI's tips by establishing who lived at the apartment. 10 F.3d 590, 594 (8th Cir. 1993).

Presently, when the affidavit is read without the information provided by the first CI, the affidavit is nearly indistinguishable from the one we found sufficient in Williams. Indeed, in the affidavit, Officer DeWitt stated that the second CI observed marijuana and marijuana distribution in Smith's residence; the second CI had proved reliable in the past, leading to drug seizures and arrests; and officers corroborated some of the informant's tips through investigation. Therefore, because the remainder of the warrant affidavit contained sufficient factual information to establish probable cause to search, Smith was neither entitled to a Franks hearing nor suppression of evidence.[4]

---

[4]Smith's attempt to cast doubt on the second CI due to the affidavit's inaccuracies concerning the first informant stands in direct contrast to Franks's teaching. And, contrary to Smith's position, we are not concerned that the second CI provided some details that did not ultimately come to fruition during the search, as our "inquiry is limited to discerning whether the issuing judge had a substantial basis

## B.     Evidentiary Objections

Next, Smith challenges the district court's trial decision to admit certain hearsay testimony as well as audio recordings of telephone conversations Smith had while in jail.  We generally review a district court's ruling on hearsay evidence for an abuse of discretion, but where, as here, the defendant raises a Confrontation Clause issue, we review de novo.  United States v. Brun, 416 F.3d 703, 706 (8th Cir. 2005).  We review the district court's decision to admit the recorded conversations for an abuse of discretion.  United States v. Oslund, 453 F.3d 1048, 1054 (8th Cir. 2006).

Smith asserts that a Confrontation Clause violation occurred when the district court allowed officers to testify as to statements the first CI made to them.  Specifically, Smith primarily challenges officers' testimony informing the jury that, after the controlled purchase, the first CI told the officers that he bought the marijuana from Smith.  In Smith's view, without the officers' testimony, the jury would not have known what occurred between Smith and the informant during the controlled purchase.

The Confrontation Clause is a concern "whenever a statement by an unavailable declarant is introduced into evidence at trial, and the defendant has not had an opportunity to cross-examine the declarant."  Bobadilla v. Carlson, 575 F.3d 785, 788 (8th Cir. 2009).  However, where a defendant's confrontation rights are technically violated, "we assess whether the Constitutional violation was harmless beyond a reasonable doubt."  United States v. Holmes, 620 F.3d 836, 844 (8th Cir. 2010).  "Evidence erroneously admitted in violation of the Confrontation Clause is harmless beyond a reasonable doubt as long as the remaining evidence is overwhelming."  Id.

---

for concluding that probable cause existed."  Lucca, 377 F.3d at 933.

Here, we conclude that overwhelming evidence against Smith established the drug distribution charge notwithstanding the hearsay statements. First, officers testified about the monitored conversation between the CI and a male speaker who agreed to sell the informant marijuana and indicated a meeting location. Second, a search of the CI and his vehicle before conducting the controlled purchase revealed no contraband. Third, during the controlled purchase, two officers witnessed a man they recognized as Smith and observed him briefly interact with the informant through the informant's car window. Fourth, when the informant and officers reconvened immediately after the controlled purchase, the CI handed over a bag of marijuana. Finally, in the subsequent search of Smith's residence, officers discovered a backpack that contained documents bearing Smith's name and plastic bags containing a residue that had the scent of marijuana. With this substantial evidence of guilt, the Confrontation Clause violations that may have occurred are harmless beyond a reasonable doubt.

Smith's final evidentiary challenge concerns audio recordings the district court admitted over Smith's objection. The district court admitted audio recordings containing telephone conversations Smith had while he was an inmate at Green County Jail. Because no officer from the Green County Jail testified about the recording device or the authenticity of the recordings, Smith contends that the recordings lacked proper foundation and authentication.

Nearly forty years ago our circuit outlined factors a proponent of a recorded telephone conversation should consider when laying foundation:

(1) That the recording device was capable of taking the conversation now offered in evidence.
(2) That the operator of the device was competent to operate the device.
(3) That the recording is authentic and correct.

(4)    That changes, additions or deletions have not been made in the recording.

(5)    That the recording has been preserved in a manner that is shown to the court.

(6)    That the speakers are identified.

(7)    That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

United States v. McMillan, 508 F.2d 101, 104 (8th Cir. 1974). Due to advances in recording technology, however, we have since made clear that these factors are useful guidelines but "not a rigid set of tests to be satisfied." Oslund, 453 F.3d at 1055. Indeed, the first and second factors are practically foregone conclusions by the very fact that an officer produced the recording and it is in existence. See United States v. McCowan, 706 F.2d 863, 865 (8th Cir. 1983) (per curiam). As for additions, deletions, and preservation, absent contrary evidence, a "court may assume that public officials who had custody of the evidence properly discharged their duty and did not tamper with the evidence." Id. Finally, an officer specifically identified Smith as a speaker on the recordings, which consisted of Smith's voluntary telephone conversations with acquaintances. Therefore, given the broad discretion a district court has on evidentiary matters, and after thoroughly reviewing the record, we perceive no abuse of discretion in the district court's decision to admit the recordings.

## III.    CONCLUSION

We affirm in all respects.

_____