# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2095
_____

United States of America

*Plaintiff - Appellee*

v.

Roscoe Chambers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 7, 2014
Filed: May 21, 2014
[Unpublished]

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Roscoe Chambers guilty of two counts of distributing cocaine base and one count of possessing with intent to distribute at least 28 grams of cocaine base. *See* 21 U.S.C. § 841(a)(1), (b)(1). At trial, Chambers elected to proceed pro se with standby counsel. The verdict was based on evidence that Chambers made two drug sales to a confidential informant (CI) while police officers conducted

surveillance, as well as evidence that additional drugs and the buy money were recovered from a search of his apartment and car. The district court[1] sentenced Chambers as a career offender to 360 months in prison and 8 years of supervised release. Chambers challenges the sufficiency of the evidence and a host of pretrial, trial, and sentencing rulings. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The district court did not err in denying, without a hearing, Chambers's motions to suppress. Probable cause for the search warrant was established by a Davenport police officer's statements describing the investigation, the CI's recent purchase of crack cocaine from Chambers, and the officer's statement that a check through the energy company confirmed Chambers was the utility holder at the apartment he approached after the transaction. *See United States v. Allen*, 705 F.3d 367, 369 (8th Cir. 2013) (review of factual findings is for clear error and ultimate question of whether Fourth Amendment was violated is de novo); *United States v. Lucca*, 377 F.3d 927, 931 (8th Cir. 2004) (setting out when hearing is required).

The district court's adverse pretrial rulings did not deprive Chambers of due process or establish judicial bias. *See United States v. Oaks*, 606 F.3d 530, 537 (8th Cir. 2010) (legally sound adverse rulings do no establish judicial bias). The district court did not err in denying Chambers's motions to dismiss the indictment and for a change of venue, or in denying his challenge to the racial composition of the jury panel. *See United States v. Rodriguez*, 414 F.3d 837, 842 (8th Cir. 2005) (conclusory allegations of falsehood are insufficient for dismissal of indictment based on false testimony presented to grand jury); *United States v. Stanko*, 528 F.3d 581, 584 (8th Cir. 2008) (absent prejudice to defense, denial of motion for change of venue cannot be considered abuse of discretion); *United States v. Jefferson*, 725 F.3d 829, 835 (8th

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Cir. 2013) (Constitution does not guarantee proportionate number of defendant's racial group on jury pool or jury which tries him), *cert. denied*, 2014 WL 1659957 (2014).

This court finds no abuse of discretion in any challenged rulings involving witnesses or evidence. *See United States v. Valenzuel-Bernal,* 458 U.S. 858, 867 (1982); *United States v. Garcia-Hernandez*, 682 F.3d 767, 772 (8th Cir. 2012), *cert. denied*, 133 S. Ct. 1608 (2013). There is no merit to Chambers's assertion that the jury was not provided an instruction about the credibility of a CI. Chambers did not object to the replacement of a sick juror with an alternate, and he agreed to keep a juror who expressed concern about her safety but confirmed her ability to continue when she was questioned. There is no indication in the record that Chambers suffered prejudice as a result of the district court's security measures requiring everyone to remain seated, and he did not object to the presence of security personnel.

Chambers has not supported a claim of prosecutorial misconduct based on his conclusory assertions that he was convicted based on false witness testimony, false lab reports, and planted evidence. *See United States v. Boone*, 437 F.3d 829, 840 (8th Cir. 2006). To the extent his claims of false testimony involve witness credibility, such matters are for the jury. *See United States v. Kirkie*, 261 F.3d 761, 768 (8th Cir. 2001). Overwhelming evidence supported the verdicts. *See United States v. Samuels*, 611 F.3d 914, 917-18 (8th Cir. 2010) (standard of review).

As to his sentence, the government provided Chambers with timely notice that he was subject to an increased prison term under 21 U.S.C. § 851 based on his prior felony drug conviction. There was no violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The district court left no unresolved sentencing objections. The district court did not err in finding Chambers's prior Illinois burglary conviction involving a vacant dwelling, coupled with his armed robbery conviction, supported

career-offender sentencing.  *See* U.S.S.G. § 4B1.1(a ); *United States v. Maxwell*, 363 F.3d 815, 820-21 (8th Cir. 2004).

The judgment is affirmed.

_____