**BLD-090**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3136
_____

ROSCOE CHAMBERS,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-02081)
District Judge:  Honorable Alan N. Bloch
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 16, 2020

Before: AMBRO, GREENAWAY, JR., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Roscoe Chambers appeals from the District Court's order dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

In 2013, the United States District Court for the Southern District of Iowa convicted Chambers of distribution and possession with intent to distribute cocaine base, and he was sentenced to 360 months in prison. In 2014, United State Court of Appeals for the Eighth Circuit affirmed the judgment. See United States v. Chambers, 554 F. App'x 539 (8th Cir. 2014). In 2015, Chambers filed a 28 U.S.C. § 2255 motion in the sentencing court challenging his conviction and sentence. In 2016, the motion was denied, and, in 2017, the Eighth Circuit denied Roscoe's request for a certificate of appealability. Chambers has filed at least one other § 2255 motion, which was dismissed by the sentencing court as an unauthorized successive motion. He has also at least once unsuccessfully sought authorization from the Eighth Circuit to file a successive § 2255 motion.

In October 2018, Chambers, then confined in a federal prison in Pennsylvania,[1] filed this § 2241 petition in the United States District Court for the Middle District of Pennsylvania, challenging his conviction and the sentence imposed by the sentencing court. Specifically, he claimed that he is actually innocent of the offense because the sentencing court lacked jurisdiction and made various sentencing errors.

_____

[1] Chambers is now confined in a federal prison in Illinois.

The Magistrate Judge issued a Report and Recommendation, recommending that the § 2241 motion be dismissed for lack of jurisdiction. The District Court adopted the Report and Recommendation, over Chambers' objections, and dismissed the § 2241 petition.[2]

Chambers appeals. We have jurisdiction under 28 U.S.C. § 1291.[3] Our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. L.A.R. 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit L.A.R. 27.4 and I.O.P. 10.6. A motion under 28 U.S.C. § 2255, and not a habeas corpus petition under 28 U.S.C. § 2241, generally is the exclusive means to challenge a federal sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]"). As noted, Chambers already filed a § 2255 motion, which was denied by the sentencing court, and has been unsuccessful in his attempts to file successive § 2255 motions.

---

[2] The District Court erroneously stated that the petition was filed under 28 U.S.C. § 2244.

[3] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

Section 2255(e) of title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it . . . appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

When a federal prisoner attacks the validity of his conviction, he may proceed under § 2241 only if (1) he asserts a colorable claim of actual innocence on the theory that "he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and (2) he is "otherwise barred from challenging the legality of the conviction under § 2255." Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019) (quoting Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017)).

Chambers' claims do not meet this standard. In short, he has not shown that the conduct for which he was convicted——distribution and possession with intent to distribute cocaine base—has been decriminalized by a subsequent Supreme Court decision. Accordingly, for the reasons explained herein, the District Court lacked

4

jurisdiction over Chambers' § 2241 petition and properly dismissed the petition.

Chambers' "motion request status of case" is denied as moot.