In the

# United States Court of Appeals

### For the Seventh Circuit

No. 08-1473

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CRISANTO MARTINEZ LOPEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07 CR 146—**Barbara B. Crabb**, *Chief Judge*.

ARGUED AUGUST 6, 2008—DECIDED SEPTEMBER 19, 2008

Before EASTERBROOK, *Chief Judge*, and KANNE and WOOD, *Circuit Judges.*

KANNE, *Circuit Judge.* Crisanto Martinez Lopez pleaded guilty to possessing cocaine with intent to distribute after Wisconsin police arrested him at the scene of a controlled buy with over two pounds of cocaine shoved into his pants. He received a within-guidelines sentence of 108 months' imprisonment. On appeal he argues that he should have received a two-level reduction as a minor

participant. Because the district court did not clearly err when it rejected Martinez Lopez's argument, we affirm.

## I. HISTORY

In October 2007 an informant told officers with the Dane County Narcotics and Gang Task Force that a man known as "Laz" was selling cocaine in the Madison, Wisconsin, area. The informant explained that he was one of Laz's regular customers and had bought cocaine in ½- to 1-kilogram quantities from Laz on multiple occasions. The informant also said that he had discovered what he believed to be Laz's real identity: Crisanto Martinez Lopez.

Armed with this information, the task-force officers quickly directed the informant to arrange a controlled buy from Laz. Martinez Lopez arrived at the prearranged location and was promptly arrested. The officers recovered 1.1 kilograms of cocaine from the waistband of his pants and financial documents including Martinez Lopez's apartment lease and bank statements from his car. Following up on this information, the officers learned that Martinez Lopez still resided in the apartment listed on the lease and that he shared the apartment with his sister and brother-in-law. After Martinez Lopez's sister gave police consent to search the apartment, the officers recovered 227 grams of crack, 987 grams of heroin, 303 grams of cocaine, three guns hidden throughout the house with ammunition, six cell phones, and drug paraphernalia including scales, utility knives, baggies, tape, and other items for packaging drugs.

Martinez Lopez later confessed that he was recruited to join the drug operation by his uncle, Lazaro Martinez. Subsequent investigation revealed that the informant had been dealing with Lazaro Martinez—not Martinez Lopez—in setting up the controlled buy and the previous transactions. As far as the controlled buy, Martinez Lopez's known involvement was limited to delivering the cocaine.

Martinez Lopez pleaded guilty to a one-count indictment charging him with possessing powder cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). At sentencing the district court counted in the overall drug quantity not only the drugs in Martinez Lopez's house and the cocaine he possessed when arrested, but also the 6 ½ to 12 ½ kilograms of cocaine that Martinez Lopez had delivered to the informant on prior occasions. Based on that total the court set a base offense level of 34, *see* U.S.S.G. § 2D1.1(c)(3), and added two levels for possession of the guns, *see id*. § 2D.1(b)(1). The court then granted Martinez Lopez a three-level decrease for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and a two-level reduction under the "safety valve," *see id*. §§ 5C1.2, 2D1.1(b)(11), but refused to grant a further two-level reduction under § 3B1.2 as a minor participant. The court reasoned that Martinez Lopez's "constant and continuing involvement with the drugs, storing them, delivering them, taking care of them, everything that he did shows that he was a pretty active participant in this conspiracy and that he wasn't simply carrying out very, very minor tasks." Martinez Lopez's total offense level of 31 and criminal history category of I yielded a

guidelines range of 108 to 135 months' imprisonment. Taking into account the factors in 18 U.S.C. § 3553, the court sentenced Martinez Lopez to the bottom of this range.

## II. DISCUSSION

On appeal Martinez Lopez makes one argument: that the district court erred when it declined to give him a two-level reduction as a minor participant. We review for clear error a district court's factual determination whether the defendant was a minor participant. *See United States v. Olivas-Ramirez*, 487 F.3d 512, 516 (7th Cir. 2007). For the reduction to apply, the defendant must prove by a preponderance of the evidence that he was substantially less culpable than the average participant in the criminal enterprise. *See* U.S.S.G. § 3B1.2(b), cmt. 3(A); *United States v. Sorich*, 523 F.3d 702, 717 (7th Cir. 2008).

Martinez Lopez argues that he was nothing more than a drug mule and, in this role, was substantially less culpable than his uncle, Lazaro Martinez, who allegedly organized the drug deals. Essentially, Martinez Lopez argues that because he is less culpable than his uncle, the minor-participant reduction should apply. Taken to its logical conclusion, this would mean that in situations where the offense involves only two people who are not equally culpable, the less-culpable member would always be entitled to a minor-participant reduction. This cannot be. Rather, in situations where criminal activity involves only two participants (and thus it is impossible to ascertain the culpability of an "average" participant), the

key inquiry is the degree of the defendant's culpability relative to the other participant's and the scope of the criminal enterprise. *See* U.S.S.G. § 3B1.2, cmt. 3(A); *United States v. Oestreich*, 286 F.3d 1026, 1031 (7th Cir. 2002).

Here, even if Martinez Lopez's uncle was indeed the mastermind behind the drug sales, Martinez Lopez failed to show that he was *substantially less* culpable than his uncle. As the district court noted, Martinez Lopez stored the drugs and engaged in several deliveries of large quantities of cocaine—key activities to the success of the enterprise given its scope. Therefore the district court did not clearly err when it held that Martinez Lopez was not a minor participant. *See United States v. Gallardo*, 497 F.3d 727, 741 (7th Cir. 2007) (holding that where defendant handled large quantities of drugs and money, executed drug sales, and played essential role in conspiracy, district court did not clearly err in denying minor-participant reduction); *United States v. Olivas-Ramirez*, 487 F.3d 512, 515 (7th Cir. 2007) (upholding district court's finding that defendant who only pretended to be methamphetamine cook for two days during the conspiracy was not a minor participant because his role was essential); *United States v. Mendoza*, 457 F.3d 726, 728-30 (7th Cir. 2006) (upholding finding that defendant, a drug courier, was not a minor participant because his close relationship to the leader of the conspiracy was important to the conspiracy's success); *United States v. Corral*, 324 F.3d 866, 874 (7th Cir. 2003) (holding that district court did not clearly err in finding that defendant who maintained stash house and was entrusted with one large delivery of cocaine was not eligible for minor participant reduction).

### III. CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.