NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued January 27, 2009
Decided February 2, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3877

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
| *v.* | |
| | No. 2:06CR00014-005 |
| PHILLIP ROSSI, | |
| *Defendant-Appellant*. | Larry J. McKinney, |
| | *Judge*. |

**O R D E R**

Phillip Rossi and seven codefendants were charged in a two-count indictment with conspiracy to distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), and conspiracy to commit money laundering, 18 U.S.C. § 1956(h), (a)(1)(A)(i). Rossi pleaded guilty to conspiracy to distribute methamphetamine and received a below-guidelines sentence of 120 months' imprisonment. On appeal he argues that he should have received a two-level reduction as a minor participant in the conspiracy.

From approximately June 2003 to July 2006, codefendant Kenneth Rooksberry distributed methamphetamine in and around Terre Haute, Indiana. Rossi transported the

methamphetamine from an unidentified source in Texas to Rooksberry in Terre Haute. Rossi made at least eight trips between Texas and Indiana, receiving $1,800 each time. The government asserted that Rossi was responsible for distributing 93.5 kilograms of methamphetamine.

At sentencing the district court agreed that Rossi was responsible for 93.5 kilograms. Based upon that amount the court set a base offense level of 38, *see* U.S.S.G. § 2D1.1(c)(1), and then subtracted two levels under the "safety valve," *see id*. §§ 5C1.2, 2D1.1(b)(11), and three levels for acceptance of responsibility, *see* 18 U.S.C. § 3553(f); U.S.S.G. § 3E1.1. The court refused to grant a further two-level reduction under U.S.S.G. § 3B1.2 as a minor participant, reasoning that the number of times Rossi transported methamphetamine, the distances he traveled, and the amount of methamphetamine involved constituted more than a minor role. Rossi's total offense level of 33 and criminal history category of I yielded a guidelines imprisonment range of 135 to 168 months. Taking into account the factors in 18 U.S.C. § 3553, the court sentenced Rossi to 120 months, which would have been the statutory minimum if not for the safety valve. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

On appeal Rossi makes one argument: that the district court erred when it declined to give him a two-level reduction as a minor participant. This court reviews for clear error a district court's factual determination as to whether the defendant was a minor participant. *See United States v. Lopez*, 545 F.3d 515, 516 (7th Cir. 2008); *United States v. Olivas-Ramirez*, 487 F.3d 512, 516 (7th Cir. 2007). For the reduction to apply, the defendant must prove by a preponderance of the evidence that he was substantially less culpable than the average participant in the criminal enterprise. *See* U.S.S.G. § 3B1.2(b), cmt. 3(A); *Lopez*, 545 F.3d at 516; *United States v. Sorich*, 523 F.3d 702, 717 (7th Cir. 2008).

Rossi argues that he played a minor role in the conspiracy when considering the scope of the conspiracy, the amount of methamphetamine involved in the overall conspiracy, the number of people involved, and the length of time the conspiracy existed. He states that his role was "merely to deliver methamphetamine to Rooksberry in Indiana and transport money to the cooperating individual in Texas." And to further minimize his involvement, Rossi adds that he transported the methamphetamine and money because he was "desperate" for money after losing his job and suffering health problems and that he received a flat fee for his services with no additional benefits from the sale of the drugs. Rossi argues that he is less culpable than his codefendants because he did not know the other aspects of the conspiracy and because "the conspiracy thrived without him before his involvement."

None of Rossi's arguments, however, demonstrate that he was substantially less culpable than his codefendants. Rossi engaged in transportation activities that were key to

the success of the enterprise. *See Lopez*, 545 F.3d at 517; *United States v. Mendoza*, 457 F.3d 726, 728-30 (7th Cir. 2006). We have found defendants ineligible for the minor-participant reduction who played much smaller roles in the conspiracy than Rossi did in this case. *See Olivas-Ramirez*, 487 F.3d at 515-16 (upholding district court's finding that defendant who only pretended to be methamphetamine cook for two days during the conspiracy was not a minor participant because his role was essential). Rossi traveled long distances, did so many times, and transported many kilograms of methamphetamine. Therefore, the district court did not clearly err when it held that Rossi was not a minor participant.

Accordingly, we affirm the judgment of the district court.