In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2622

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARK C. HUFFSTATLER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:07-cr-30167-JPG-DGW-1—**J. Phil Gilbert**, *Judge*.

ARGUED JANUARY, 28 2009—DECIDED APRIL 6, 2009

Before BAUER, RIPPLE and TINDER, *Circuit Judges*.

PER CURIAM. Mark Huffstatler pleaded guilty to producing child pornography, and the district judge imposed an above-guidelines sentence. Huffstatler seeks a remand for resentencing, contending that his sentence is unreasonable because the child-pornography sentencing guidelines are not the product of empirical research. We affirm.

**BACKGROUND**

Huffstatler hired a 14-year-old boy, T.P., to help with some household chores, but things turned unsavory when Huffstatler asked T.P. to take off his shirt and loosen his shorts for pictures that Huffstatler planned to sell on the internet. T.P. initially agreed, but after a few photos he asked to leave. Huffstatler refused. Removing T.P.'s pants, Huffstatler manipulated the boy's penis until it was erect and took 16 photographs of him.

Huffstatler pleaded guilty to producing child pornography, *see* 18 U.S.C. § 2251(a), and the district judge calculated his sentencing-guidelines range. The base offense level was 32, *see* U.S.S.G. § 2G2.1, which the court increased to 38 because T.P. was between the ages of 12 and 16 years, *see* U.S.S.G. § 2G2.1(b)(1)(B), Huffstatler had sexual contact with T.P., *see* U.S.S.G. § 2G2.1(b)(2)(A), and Huffstatler intended to distribute the pictures, *see* U.S.S.G. § 2G2.1(b)(2)(A). The judge ultimately reduced Huffstatler's offense level to 35 because he quickly pleaded guilty. *See* U.S.S.G. § 3E1.1(a) & (b).

Turning to criminal history, the district court observed that Huffstatler had victimized many others. First, there were his violent felonies: he served four years in prison after pleading guilty to sexually assaulting his 13-year-old adopted son (in exchange the state prosecutor dismissed charges that Huffstatler had raped his stepsons, who were then six and eight years old), and he was convicted of unlawful restraint for locking an 18-year-old man in the trunk of his car. There were also repeated attempts at sexual contact with teenage boys: in 1999 a 13-year-

old told the police that Huffstatler had propositioned him and, mere months before the incident with T.P., a 14-year-old reported that Huffstatler tackled and groped him as he fled Huffstatler's home. Huffstatler's previous violent felonies qualified him as a career offender with a Category VI criminal history, *see* U.S.S.G. § 4B1.1, and his sexual-assault conviction also triggered a 25-year statutory minimum sentence, *see* 18 U.S.C. § 2251(e). Thus, although Huffstatler's offense level and criminal history category intersected at 292 to 365 months' imprisonment, the district court correctly noted that the effective guidelines range was 300 to 365 months.

Huffstatler urged the district court to sentence him to the statutory minimum prison term, 25 years. After evaluating the factors laid out in 18 U.S.C. § 3553(a), the sentencing judge instead concluded that an above-guidelines sentence was necessary for four reasons: to deter Huffstatler (as his prior short sentences had not) and other would-be predators; to protect society from Huffstatler's incorrigible recidivism; to reflect the seriousness of his offense and its effect on his victim; and to allow time for Huffstatler to seek treatment. The court sentenced Huffstatler to 450 months' imprisonment.

## ANALYSIS

On appeal, Huffstatler argues that the guidelines for crimes involving sexual exploitation of a minor were crafted without the benefit of the Sentencing Commission's usual empirical study and so are faulty. He concludes that the district judge was obligated to sen-

tence him below the allegedly flawed guidelines range and, consequently, that his sentence is unreasonable. Because Huffstatler did not raise this argument at sentencing, we review for plain error and may, in our discretion, vacate the district court's sentence only if there was an error that is plain and that affects Huffstatler's substantial rights. *See United States v. Pree*, 408 F.3d 855, 868-69 (7th Cir. 2005). We would exercise that discretion only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *See United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006).

Huffstatler correctly submits that the child-pornography sentencing guidelines, U.S.S.G. §§ 2G2.1-.2, like the drug guidelines at issue in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), are atypical in that they were not based on the Sentencing Commission's nationwide empirical study of criminal sentencing. "In the main, the Commission developed Guidelines sentences using an empirical approach based on data about past sentencing practices. . . ." *Kimbrough*, 128 S. Ct. at 567. But the guidelines for child-exploitation offenses were not crafted this way. Instead, "[m]uch like policymaking in the area of drug trafficking, Congress has used a mix of mandatory minimum penalty increases and directives to the Commission to change sentencing policy for sex offenses." U.S. Sentencing Comm'n, *Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform* 72-73 (November 2004), *available at* http://www.ussc.gov/15_year/15_year_study_full.pdf.

Furthermore, since it was the Commission's failure to exercise its "characteristic institutional role" that persuaded the Supreme Court that district courts possess the discretion to sentence below the crack guidelines based on policy disagreements, *see Kimbrough*, 128 S. Ct. at 575, Huffstatler contends that sentencing judges possess the same discretion when dealing with the child-exploitation guidelines.[1] This argument was developed by federal defender Troy Stabenow in a 2008 paper, *Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child Pornography Guidelines* 27-32 (July 3, 2008), http://www.fd.org/pdf_lib/ child%20porn%20july%20revision.pdf. Over the past year, district courts have repeatedly cited Stabenow's article for the proposition that the child-pornography guidelines' lack of empirical support provides sentencing judges the discretion to sentence below those guidelines based on policy disagreements with them. *E.g., United States v. Shipley*, 560 F. Supp. 2d 739, 744-46 (S.D. Iowa 2008) (determining that because the guidelines' "advice in this [child-exploitation] case is less reliable than in other cases where the guidelines are based on

---

[1] The First Circuit has already extended *Kimbrough* to fast-track departures, another section of the guidelines that does not reflect the Commission's exercise of its "characteristic institutional role." *United States v. Rodriguez*, 527 F.3d 221, 226-29 (2008). On the other hand, the Sixth Circuit has noted that "[t]he extent to which a district court may offer a wholesale disagreement with a guideline as the basis for variance remains unclear. . . ." *United States v. Grossman*, 513 F.3d 592, 597 (2008).

study and empirical data," 90 months' imprisonment was more appropriate than guidelines range, 210 to 240 months); *United States v. Hanson*, 561 F. Supp. 2d 1004, 1008-12 (E.D. Wis. 2008) (sentencing defendant whose guidelines range was 210-262 months' imprisonment to 72 months); *United States v. Baird*, 580 F. Supp. 2d 889, 894-96 (D. Neb. 2008) (imposing sentence of 24 months, although guidelines range was 46 to 57 months); *United States v. Grober*, ___ F. Supp. 2d ___, 2008 WL 5395768 (D.N.J. Dec. 22, 2008) (sentencing defendant to 60 months' imprisonment, though guidelines range was 235 to 293 months).

But we are confronted with a different question. Huffstatler is not arguing, as in *United States v. Taylor*, 520 F.3d 746, 748 (7th Cir. 2008), that the district court erroneously felt bound by the guidelines range and might have sentenced him below the range had the court known of its discretion to do so. Nor could he—after all, the judge sentenced Huffstatler above the guidelines range. Huffstatler therefore expands the scope of his attack and attempts to invalidate the child-exploitation guidelines, arguing that district judges not only *may* impose below-guidelines sentences based on their policy disagreements with the child-exploitation guidelines, they *must*. And, Huffstatler concludes, since a reasonable sentence requires the district court first to determine the appropriate (valid) guidelines range, *see Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); *United States v. Robinson*, 435 F.3d, 699, 700-01 (7th Cir. 2006), his sentence must be unreasonable.

Even assuming that district courts may exercise their discretion based solely on policy disagreements with the child-exploitation guidelines (an issue we need not decide here), Huffstatler's argument is without merit. Despite *Kimbrough,* the crack guidelines, to which he so energetically analogizes those for child-exploitation, remain valid. *See United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008). And judges are not *required* to disagree with the crack guidelines; a within-guidelines sentence may be reasonable. *Id.*; *see also United States v. Lopez*, 545 F.3d 515, 516 (7th Cir. 2008) (affirming a within-guidelines sentence for possession with intent to distribute crack); *United States v. Hart*, 544 F.3d 911, 913 (8th Cir. 2008) (same). The child-exploitation guidelines are no different: while district courts perhaps have the freedom to sentence below the child-pornography guidelines based on disagreement with the guidelines, they are certainly not required to do so. Because the district court was not obligated to sentence Huffstatler below the range recommended by the valid sentencing guidelines, Huffstatler cannot establish plain error.

Moreover, Huffstatler's sentence, though above the guidelines range, was reasonable. The sentencing judge correctly calculated the guidelines range and then reviewed the § 3553(a) factors—including recidivism, deterrence, seriousness of the crime, and time for treatment—in some detail before announcing that a longer sentence was justified. We require nothing more. *See United States v. McIntyre*, 531 F.3d 481, 483-84 (7th Cir. 2008).

Accordingly, we AFFIRM Huffstatler's sentence.