SUMMARY ORDER

Defendant-appellant Laurence Gordon appeals from the May 21, 2008 judgment of the United States District Court for the Southern District of New York (Wood, J.) sentencing him principally to 120 months of imprisonment and a fine of $40,000 following his conviction for illegal receipt of materials containing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Gordon argues that resentencing is warranted because, even though the district court recognized the advisory nature of the Guidelines and sentenced Gordon substantially below the proposed Guidelines range, the sentencing judge did not appreciate the scope of her discretion because she presumed that United States Sentencing Guideline § 2G2.2 was formulated according to the Sentencing Commission’s expertise. According to Gordon, § 2G2.2 is not based on the Commission’s study and contradicts the Commission’s recommendations and reports. See United States v. Huffstatler, 561 F.3d 694, 696 (7th Cir.2009) (“U.S.S.G. §§ 2G2.1-.2 ... are atypical in that they were not based on the Sentencing Commission’s nationwide empirical study of criminal sentencing.”). We *230 conclude that Gordon waived this argument by failing to present it to the district court. See United States v. Villafuerte, 502 F.3d 204, 207 (2d Cir.2007) (“[I]ssues not raised in the trial court ... including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error”).
Although Gordon argued to the district court that § 2G2.2 was “incredibly harsh” and “irrational” as a result of “political and sociological” influence over the Sentencing Commission, these arguments were framed in terms of Gordon’s “own personal view.” Gordon did not argue, as he does on appeal, that § 2G2.2 was formulated without the benefit of the Commission’s expertise. Consequently, the record indicates no plain error in the sentencing judge’s conclusion that she lacked “sufficient evidence ... to disregard the expertise of the Sentencing Commission” in setting an initial benchmark for Gordon’s sentence. See United States v. Reyes, 557 F.3d 84, 87 (2d Cir.2009) (“ ‘[Pjlain error[ ] requires] the defendant to establish (1) error, (2) that is plain, and (3) that affects substantial rights.’ ” (quoting United States v. Fuller, 426 F.3d 556, 563 (2d Cir.2005))).
We have reviewed appellant’s remaining arguments and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.