

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# USA v. Maximus Prophet

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2918

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Maximus Prophet" (2009). *2009 Decisions.* Paper 1132.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2918
_____

UNITED STATES OF AMERICA

v.

MAXIMUS PROPHET,
also known as MARK L. FERRARI

MAXIMUS PROPHET,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 3-07-cr-00025-001)
District Judge:  The Honorable Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2009

BEFORE: FUENTES, JORDAN, and NYGAARD, Circuit Judges.

(Filed: June 25, 2009)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Appellant, Maximus Prophet, pleaded guilty to twelve counts of child pornography. Count One charged him with possession of visual depictions of minors engaged in sexually explicit conduct, a violation of 18 U.S.C. § 2252(a)(4)(B)(A), and Counts Two through Twelve charged him with receipt of such visual depictions in violation of 18 U.S.C. § 2252(a)(2). Prophet was sentenced to 120 months at Count One and 168 months imprisonment at Counts Two through Twelve, all terms running concurrently. Prophet appeals, challenging the reasonableness of his sentence.

I.

We review for an abuse of discretion. This is a highly deferential standard and we may not reverse the District Court merely because we disagree with a sentence. If a sentence falls within a broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm. When we review a district court's sentence for "reasonableness," our touchstone is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).

Here, the District Court adequately considered the factors and its colloquy was reasonable. The District Court viewed Prophet's participation in a peer-to-peer network as a form of distribution. The District Court rejected the Government's call for an upward departure and instead found that the within-Guidelines sentence was appropriate so as to reflect the seriousness of the crimes — which, we must note, involved not only hundreds

2

of images of child pornography, but also videos of sado-masochistic sexual acts involving young children.

As a matter of law, the District Judge was obligated to consider the Guidelines range, which he did, and to consider whether that range was appropriate to this particular defendant, which he also did. Inasmuch as the sentence was within the Guidelines range, we would be hard-pressed to hold that it was not within a range of reasonable sentences. Further, the District Court found that Prophet's medical condition did not render him infirm or warrant a downward departure or variance.

II.

Prophet also argues that the District Court improperly relied on the child pornography Guidelines, which he maintains were rendered unreliable by the Supreme Court's recent opinion in *Kimbrough v. United States*, 128 S.Ct. 558 (2007). Prophet argues that the child pornography Guidelines are based on statutory mandatory minimums and not empirical support or national experience.

There is increasing debate whether the child pornography Guidelines, especially Guideline 2G2.2, provide a sound basis for sentencing. The argument is that because these Guidelines — like those at issue in *Kimbrough* — were not based on the Sentencing Commission's nationwide empirical study of criminal sentencing. It has been noted that "[m]uch like policymaking in the area of drug trafficking, Congress has used a mix of mandatory minimum penalty increases and directives to the Commission to change

3

sentencing policy for sex offenses." *United States v. Huffstatler*, 561 F.3d 694, 696-97 (7th Cir. 2009) (citing U.S. Sentencing Comm'n, Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform 72-73 (November 2004), available at http:// www. ussc. gov/ 15_ year/ 15_ year_ study_ full. pdf.). Nevertheless, we need not reach this issue here.

In *Kimbrough*, the Supreme Court held that, because the crack-cocaine guidelines were predominantly based on statutory minimum sentences and not empirical data or national experience, "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough*, 128 S.Ct. at 575. However, even if it were true that district courts, based on the reasoning of *Kimbrough*, *may* impose below-guideline sentences for child pornography offenses solely based upon policy disagreements with those guidelines, it does not follow that they *must* do so. As the Seventh Circuit reasoned when confronted with a similar argument:

> Despite *Kimbrough*, the crack guidelines, to which [defendant] so energetically analogizes those for child-exploitation, remain valid. And judges are not required to disagree with the crack guidelines; a within-guidelines sentence may be reasonable. The child-exploitation guidelines are no different: while district courts perhaps have the freedom to sentence below the child-pornography guidelines based on disagreement with the guidelines, they are certainly not required to do so.

4

*Huffstatler*, 561 F.3d at 697-98. We decline Prophet's invitation to invalidate an entire section of the Sentencing Guidelines. Prophet has offered no evidence suggesting that his below-guidelines sentence was arbitrary or based upon impermissible factors, or that the district judge failed to consider pertinent § 3553(a) factors or gave an unreasonable amount of weight to any pertinent factor. As we have stated, a disagreement with the District Court's sentence or the policy behind it does not render its sentence unreasonable. Finally, the District Court here did not base its sentences on policy disagreements with child pornography guidelines. Therefore, we hold that Prophet's sentence is substantively reasonable and will affirm the sentencing order.