**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2009
Decided July 20, 2009

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 09-1215

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 06-CR-223 |
| TERI ANN STIBBE, *Defendant-Appellant*. | Charles N. Clevert, *Judge*. |

O R D E R

Teri Stibbe is a heroin addict. From time to time, when she went out in search of the drug, she provided rides for other people. On more than one occasion, one of her passengers later overdosed. Stibbe and eleven other defendants were eventually charged with heroin trafficking offenses, including one count of distribution resulting in death on October 16, 2005. See 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Stibbe pleaded guilty to distribution. Ordinarily she would have been subject to a 20-year mandatory minimum sentence, but the government moved for a reduction below the minimum, see 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. After careful consideration of all the relevant circumstances, the district court decided on a sentence of 96 months. Stibbe's sole argument on appeal is that the district court made a mistake in calculating her advisory sentencing guideline

range when it found her ineligible for a downward adjustment based on her minor role in the offense. See U.S.S.G. § 3B1.2. This meant, she reasons, that the district court took as its starting point an upper bound that was too high. In her view, had the court started at the appropriate lower level, it might have chosen a sentence even lower than the 96-month term she received. We conclude, based on the court's comprehensive discussion of the reasons for the sentence it imposed, that any error it may have made in applying the guidelines was harmless. We therefore affirm the judgment of the district court.

On October 15, 2005, Stibbe drove Jonathan Selensky, Matthew Kobiske, and her son, Ben Stibbe ("Ben"), from Grafton, Wisconsin, to Milwaukee to buy heroin. Ben arranged the trip, and Selensky and Kobiske gave him money to buy heroin from his supplier. As they were picking up Kobiske for the trip, Stibbe commented to the others, "I hope this one's smart enough not to overdose in the car like the last one." When the group arrived in Milwaukee, Ben left the car and returned with one $20 gem pack (0.2 grams of heroin) for each of the other three. Stibbe received her gem pack as compensation for driving, and so she did not have to shell out any money. She drove the group back to the house she shared with Ben in Grafton, and after she went into a separate room, the others (including Kobiske) ingested their heroin. At some point, Kobiske went home. About twelve hours later, his mother found him non-responsive. He was pronounced dead from mixed drug intoxication.

As noted above, Stibbe pleaded guilty to a single count of distributing heroin. See 21 U.S.C. § 841(a)(1). As part of her plea, Stibbe admitted that she had aided and abetted the distribution of heroin to Kobiske by driving him to the Milwaukee supplier. And because that offense resulted in Kobiske's death, she faced a 20-year minimum prison term. See *id.* § 841(b)(1)(C). The district court assigned a base offense level of 38, see U.S.S.G. § 2D1.1(a)(2), and subtracted three levels for acceptance of responsibility, *id.* § 3E1.1. Stibbe requested a further reduction on the ground that her role was minimal or minor, see § 3B1.2, but the district court declined. The court reasoned that Stibbe had played a role just as significant as her son's on the fateful October 15 trip. With a criminal history category of III, Stibbe's imprisonment range was 210 to 262 months. The bottom of that range was cut off, however, by the 20-year mandatory minimum. See U.S.S.G. § 5G1.1(c)(2). The government moved for a reduction based on substantial assistance, see 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. Finding that a reduction was appropriate, the district court selected a sentence of 96 months in prison.

Stibbe argues that the district court made an error of law when it refused to grant her a mitigating-role reduction. She was one of twelve persons indicted together in this case. The superseding indictment charges her in a single count of distribution arising from the trip to Milwaukee on October 15, 2005; in contrast, all but one of the other defendants were charged together in a conspiracy count that spans five years. Stibbe argues that the district court should have measured her role against all the other defendants instead of comparing her just to the others in the car with her on October 15. Moreover, Stibbe asserts that she was entitled to a reduction even if the focus is entirely on the events of that night because she (1) participated only to feed her heroin addiction and not for financial gain; (2) mainly acted as a fellow purchaser; (3) had no direct involvement in selling, packaging, storing, or otherwise facilitating distribution; and (4) did not arrange the heroin purchase for which she was convicted.

The guidelines call for a decrease of two offense levels if the defendant was a minor participant and up to four levels if she was a minimal participant. U.S.S.G. § 3B1.2. The commentary to § 3B1.2 defines a "minor participant" as a defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant" and "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. nn.3(A), 5. A "minimal participant" is one who is "plainly among the least culpable of those involved in the conduct of a group" and often lacks "knowledge or understanding of the scope and structure of the enterprise and of the activities of others." *Id.* cmt. n.4. This court reviews the denial of a mitigating-role adjustment for clear error. See *United States v. Miller*, 405 F.3d 551, 557 (7th Cir. 2005).

At sentencing, Stibbe argued that her role was insignificant compared to that of all the others involved in the conspiracy. In taking that position, she focused almost exclusively on the October 15 trip that underlay her guilty plea. The district court responded that "the count to which Mrs. Stibbe pled does not put her in a position where she would have any opportunity to demonstrate that she is less culpable than anyone involved in that October 16 [*sic*] transaction." It then analyzed her participation in that single transaction and denied the reduction.

The government concedes that the district court erred in assuming that Stibbe's plea to distribution, rather than conspiracy, restricted its mitigating-role analysis to the events of that one evening. It also acknowledges that even though Stibbe was charged only with the conduct in which she was personally involved, she was not precluded from consideration for a mitigating-role reduction in light of the overall criminal

scheme. See *United States v. Hill*, 563 F.3d 572, 577-78 (7th Cir. 2009). Nonetheless, it argues, even if Stibbe should have gotten a further reduction, the district court's error was harmless because the statute set a floor of 240 months on her guidelines range. Without the reduction, her final range was 240 to 262 months, and with the reduction, both the top and the bottom of her guideline range would have been 240 months.

This position misunderstands Stibbe's argument. Her point is that the district court may have been influenced by the *top* of the guideline range it calculated, when it decided on the discount for her cooperation. Without the two-level reduction for being a minor participant, that top number was 262; with the two-level reduction, it was 240. The final sentence of 96 months is about 37% of 262 months. Stibbe infers that the district court would have applied the same discount to a top sentence of 240 months; that is, 37% of 240, which is about 88 months. We know from *Glover v. United States*, 531 U.S. 198, 203 (2001), that any additional amount of time in prison matters, and thus if Stibbe were correct, the extra eight months she has identified cannot be disregarded.

Our problem with Stibbe's argument is twofold: first, taking the record as a whole, we are not convinced that the district court made the legal error the government has identified; and second, even if it did, the court made it clear in its explanation of the actual sentence that it was not applying any rigid percentages to the guidelines range, but instead it chose 96 months as the proper sentence for Stibbe taking all of the factors identified by 18 U.S.C. § 3553(a) into account.

We consider the guidelines point first. In our view, Stibbe did not meet her burden to show by a preponderance of the evidence that she qualified for the minor-participant adjustment. See *United States v. Lopez*, 545 F.3d 515, 516 (7th Cir. 2008). A defendant may receive a reduction under § 3B1.2 even if she is held accountable only for her own conduct, *United States v. Rodriguez-Cardenas*, 362 F.3d 958, 960 (7th Cir. 2004). It remains true, however, that "a reduction for a mitigating role . . . ordinarily is not warranted" for a defendant who "has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct." U.S.S.G. § 3B1.2 cmt. n.3(B). Neither party has discussed that application note in its brief.

In this case, the broader criminal activity involved at least twelve people who moved hundreds of grams of heroin from Chicago through Milwaukee to other towns in Wisconsin. Stibbe's conviction encompasses only her limited role aiding and abetting a single distribution, in which she drove three others to obtain less than a gram of

heroin total. It is disingenuous, however, for Stibbe to imply that she participated in just that one transaction while all of the other defendants dealt heroin over an extended period of time. In fact, as the district court well knew, Stibbe admitted that she drove her son and others to Milwaukee to purchase heroin about 100 times, often making three to four trips a week. Indeed, another user overdosed on heroin in her car the week before Kobiske died. For these trips, she generally received $20 worth of heroin. Although it is unclear from the record how many times she was paid in heroin by other addicts (which would make her more of a fellow purchaser), she was compensated by the dealers (including her son) at least some of the time and had some familiarity with the dealers. The fact that she did not receive a substantial financial benefit does not automatically render her level of participation minor. See *United States v. Panaigua-Verdugo*, 537 F.3d 722, 725 (7th Cir. 2008).  Nor does the fact that others were arguably more involved necessitate a reduction. *United States v. McKee*, 389 F.3d 697, 700 (7th Cir. 2004). The district court had ample reason to deny her request for a reduction based on her role in the offense. U.S.S.G. § 3B1.2 cmt. n.3(B); see, *e.g., United States v. McGee*, 408 F.3d 966, 987 (7th Cir. 2005) (holding that defendants did not merit reductions when they served as middlemen and gofers); *McKee*, 389 F.3d at 700 (upholding finding that defendant was ineligible for minor-participant reduction when he provided housing and transportation for couriers). Indeed, had it granted the reduction and had the government appealed on that point, we might well have found clear error in that direction.

Furthermore, even if we were to assume that the district court erred when it refused to apply the minor-participant reduction, we see nothing in the record to suggest that the court was tying the final sentence it chose to any particular percentage of the top of the calculated guidelines range. The court expressly noted that it was required by § 3553 to "consider multiple factors in determining an appropriate sentence" and that it was "not to impose a sentence any greater than what is necessary and just under the circumstances." In making that determination, the court recognized that the guideline range was just one of many factors. It looked at Stibbe's role not only in the offense of conviction, but also in the greater crime; it considered the sentences imposed on her co-defendants; it took into account the impact of the crime of conviction both on the immediate victim and on the community as a whole; it mentioned several times the fact that her conduct led directly to the victim's death; and it acknowledged on the positive side that she appeared to be "prepared to change, and indeed, you have changed and facilitated the resolution of this case in many ways." And finally, when he explained why 96 months was a fair and reasonable sentence, the judge said nothing about the guideline range with which he had begun. In fact, if he had started with the

*bottom* of the calculated range rather than the top, the error could have had no effect, since the bottom was 240 months no matter what.

We obviously are not saying that every error in calculating a guidelines range is automatically harmless; we routinely remand cases to the district court where there is any chance that such an error infected the court's choice of a sentence. This record, however, contains not a whisper of evidence that the ultimate sentence the court chose was influenced by the fact that the starting point was a guideline range of 240 to 262 months, rather than a fixed point of 240 months. That fact, coupled with our belief that the minor role reduction was not appropriate in any event for Stibbe, persuades us to AFFIRM the district court's sentence.