**UNITED STATES of America**

v.

**Gary Lee MYERS, Appellant.**

**No. 09–2614.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 12, 2010.

Opinion filed: Feb. 9, 2010.

Robert L. Eberhardt, Esq., Craig W. Haller, Esq., Kelly R. Labby, Esq., Office of the United States Attorney, Pittsburgh, PA, for United States of America.

Stanton D. Levenson, Esq., Pittsburgh, PA, for Appellant.

Before: AMBRO and CHAGARES, Circuit Judges, and JONES, District Judge.*

## OPINION

JONES, District Judge.

Gary Lee Myers pled guilty to possession of child pornography and was sentenced to 51 months' imprisonment, to be followed by an 8–year term of supervised release. Myers did not take a direct appeal of his conviction and sentence. After retaining new counsel, Myers filed a motion pursuant to 28 U.S.C. § 2255, alleging that he had received ineffective assistance of counsel at sentencing. The District Court denied Myers' motion, and he now appeals that denial. For the reasons that follow, we affirm.[1]

### I.

In 2008, a Pennsylvania State Trooper assigned to the Bureau of Criminal Investigation, Computer Crime Division, conducted an investigation into the Internet sharing of child pornography. Following that investigation, a search warrant for

---

* The Honorable John E. Jones, III, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 2253(a). This Court exercises plenary review over the legal component of an ineffective-assistance-of-counsel claim, and the underlying facts are reviewed for clear error. *United States v. Smack,* 347 F.3d 533, 537 (3d Cir.2003).

Myers' home was obtained and executed. Retrieved from Myers' home was child pornography contained on Myers' computer, hard drive, and CDs. The material contained graphic images of minors engaged in sexual acts, including minors under the age of 12 and materials depicting the penetration of minors.

In April 2008, Myers was charged in a one-count Indictment with Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(4)(B). Myers was represented by Ronald W. Hayward, Esq. at the District Court proceedings, including Myers' plea and sentencing. On November 14, 2008, Myers pleaded guilty to Count One. No formal plea agreement was entered.

Utilizing the 2008 edition of the Sentencing Guidelines, the probation officer calculated Myers' offense level to be 28 and his criminal history category ("CHC") to be level I, yielding an advisory guideline range of 78 to 97 months. After argument by Myers' attorney at sentencing, the District Court sustained Myers' objection to the 4–point enhancement pursuant to U.S.S.G. § 2G2.2(b)(4), for possession of material portraying sadistic conduct, masochistic conduct or other depictions of violence, specifically materials depicting the penetration of a minor. Accordingly, Myers' offense level was set at 24 and his CHC was I, yielding a guideline range of 51 to 63 months. Before passing sentence on March 9, 2009, the District Court reviewed the factors set forth in 18 U.S.C. § 3553(a) as they applied to Myers, stating:

> I note that this is the defendant's first criminal conviction. And I also [ac-]knowledge his stable upbringing and gainful employment. While commendable, these facts, however, do not reflect the serious and disturbing nature of his offense, nor the large number of sexually explicit images attributable to the de-fendant. This conduct warrants a significant period of incarceration.

The District Court thereafter sentenced Myers to 51 months incarceration, to be followed by an 8–year term of supervised release. Myers did not appeal.

After sentencing, Myers retained new counsel, Attorney Stanton D. Levenson, and on April 3, 2009 filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Myers argued that he had been denied his Sixth Amendment right to effective assistance of counsel as the result of Attorney Hayward's failure to argue that the guideline under which he was sentenced, U.S.S.G. § 2G2.4, is seriously flawed and should not be followed. The District Court subsequently denied Myers' motion, and this appeal followed.

## II.

We exercise plenary review over the legal component of ineffective assistance of counsel. *See United States v. Smack,* 347 F.3d 533, 534 (3d Cir.2003). "The underlying facts are reviewed for clear error, and are subject to independent judgment 'on whether the facts thus found constitute constitutionally ineffective assistance of counsel.'" *United States v. Baird,* 218 F.3d 221, 225 (3d Cir.2000) (quoting *Gov't of the Virgin Islands v. Weatherwax,* 77 F.3d 1425, 1430–31 (3d Cir.1996)).

*Strickland v. Washington* supplies the standard for addressing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish prejudice, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

## III.

As aforestated, Myers argues that he was denied his Sixth Amendment right to effective assistance of counsel by Attorney Hayward's failure to argue that the guideline under which he was sentenced, U.S.S.G. § 2G2.4, is seriously flawed and should not be followed. Myers relies on *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), for the proposition that courts are permitted to discount various guidelines for lack of empirical support. Myers thus extrapolates that he was denied the effective assistance of counsel based on his counsel's failure to argue at sentencing that the District Court should reject Section 2G2.4 for lack of empirical support.

Our first step in analyzing Myers' novel ineffective assistance claim is to determine whether counsel's failure to make such an argument constituted deficient performance. To undertake this analysis, we must first discuss *Kimbrough* and its potential import here. In *Kimbrough*, the Supreme Court found that the guidelines for crack cocaine were not based on the Sentencing Commission's independent "empirical data and national experience," but were largely fashioned by Congressional legislation alone. 128 S.Ct. at 575. Based on this reasoning, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/pow-

der disparity yields a sentence 'greater than necessary' to achieve 3553(a)'s purposes." *Id. Kimbrough* was then clarified by the Supreme Court in *Spears v. United States*, wherein the Court held "that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." —— U.S. ——, 129 S.Ct. 840, 843–44, 172 L.Ed.2d 596 (2009). Thereafter, in *United States v. Prophet*, 335 Fed.Appx. 250 (2009), we considered Kimbrough's effect on the child pornography sentencing Guidelines and held that "even if it were true that district courts, based on the reasoning of *Kimbrough*, *may* impose below-guideline sentences for child pornography offenses solely based upon policy disagreements with those guidelines, it does not follow that they *must* do so." *Id.* at 252 (emphasis in original). However, *Prophet* was not a precedential opinion, and to date this Court has not rendered any precedential opinions pertaining to *Kimbrough's* application to the child pornography guidelines.[2]

Myers is endeavoring to have his counsel's performance declared ineffective based upon a failure to raise a creative argument that analogizes the child pornography sentencing guidelines with the crack/powder cocaine guidelines. To be sure, *Prophet* spoke at least in part to the point Myers raises, but as noted, it was a not precedential opinion. Although not specifically articulated by Myers, he essentially seeks to have his counsel declared ineffective for the failure to assert an arguably relevant point contained within a not precedential opinion of this Court. We

---

**2.** Notably, *Prophet* addresses the guideline in the context of a direct appeal, not an ineffec-

tive assistance claim.

decline to hold counsel to such a standard, which is far beyond what *Strickland* mandates. Based on the current status of the jurisprudence in this Circuit, we simply cannot find that Myers' counsel's performance was deficient based upon his failure to argue that § 2G2.4 should be rejected or discounted for lacking empirical support.

Further, even if we did hold counsel to what we believe is an unreasonable standard, Myers was not prejudiced. First, the District Court sustained Myers' objection to the 4–point enhancement pursuant to U.S.S.G. § 2G2.2(b)(4), resulting in a significantly lower advisory guideline range. Further, the District Court outlined the § 3553(a) factors in significant detail when passing sentence, noting in particular the seriousness of the offense conduct. The District Court then sentenced Myers at the very bottom end of the guidelines, after concluding that nothing in his background warranted a sentence outside of that range.

In sum, we conclude that Myers has not established that his counsel was ineffective based on the *Strickland* standard. Accordingly, we affirm the District Court's denial of his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.