NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2010
Decided May 19, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-1736

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 CR 521-2 |
| RAUL G. ROJAS, | |
| *Defendant-Appellant.* | Suzanne B. Conlon, *Judge*. |

**O R D E R**

Raul Rojas made three round trips as a hired driver between Los Angeles, California and Chicago, Illinois. On each of these trips, he transported cocaine hidden in his truck to Chicago and returned to Los Angeles with the cash payments. He was charged and pleaded guilty to one count of conspiring to possess with intent to distribute cocaine and two counts of possessing with intent to distribute cocaine. 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him on each count to 10-year terms of imprisonment to run concurrent and concurrent with each other count, which is the mandatory minimum on each count in light of the quantity of cocaine involved. *See* 21 U.S.C. § 841(b)(1)(A)(ii). Rojas appealed, but his appointed lawyers ask leave of this court to withdraw, *see Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues to pursue. Rojas did not respond to our invitation to comment on counsel's motion to withdraw. *See* CIR.

R. 51(b). We review only the potential issues identified by counsel in the facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Rojas told his counsel that he had no intention of wanting his guilty pleas vacated, so his counsel properly bypassed any discussion as to the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel initially considered whether their client could argue that the district court erred in denying him a two-level reduction under U.S.S.G. § 3B1.2(b) as a "minor participant" in the conspiracy. "When seeking a minor participant classification it is the defendant's burden to demonstrate by a preponderance of the evidence that he was 'substantially less culpable' than the other participants." *United States v. Mendoza*, 457 F.3d 726, 729 (7th Cir. 2006); U.S.S.G. § 3B1.2(b) cmt. n.3(A). Rojas argued that he was "no more than a simple courier" in the scheme of events and played no role in importing the cocaine or distributing it after it reached Chicago. He argued he was fungible and could have been replaced at any time by his coconspirators who, in fact, hired a different driver for two other round trips. The district court concluded, however, that Rojas may not have been the "most culpable" coconspirator but still played a significant role transporting large amounts of cocaine and money across the country.

We review the district court's factual findings for clear error. *See United States v. Arocho*, 305 F.3d 627, 641 (7th Cir. 2002). Rojas pleaded guilty to conspiring with the California supplier and the two Chicago distributors, and in this case each member of the small criminal enterprise was essential to the operation of the drug scheme. *See United States v. McKee*, 389 F.3d 697, 700 (7th Cir. 2004 ). It is irrelevant that he argued that he was less involved, for "couriers are an indispensable part of drug dealing networks. Without someone to take the drugs across the border, the drugs will never reach their illicit market . . . [E]ven if the defendant were purely a courier having no knowledge of the other aspects of the drug-dealing operation, the defendant might nonetheless be a highly culpable participant in the operation." *Mendoza*, 457 F.3d at 729 (quoting *United States v. Osbourne*, 931 F.2d 1139 (7th Cir. 1991)); *United States v. Panaigua-Verdugo*, 537 F.3d 722, 725 (7th Cir. 2008). Rojas hauled 24 kilograms of cocaine to Chicago—roughly 50 to 60 percent of the total involved in the conspiracy—and returned with the cash payments. Even though he argued that he neither imported nor sold the cocaine, he nevertheless served as a very trusted and essential link between the supplier and distributers in the delivery of large sums of money and cocaine while transporting them across the country. Thus, he was clearly vital to the conspiracy, and we therefore agree with Rojas' counsel that it would be frivolous to challenge the district court's refusal to characterize him as a minor participant. *See United States v. Lopez*, 545 F.3d 515, 516-17 (7th Cir. 2008) (upholding the denial of a minor-role reduction for the defendant who stored drugs and made deliveries of large

quantities of cocaine); *Panaigua-Verdugo*, 537 F.3d at 724-25 (concluding that the district court did not clearly err in denying a minor-role reduction to the defendant who served as the courier between the seller and buyer during four of seven transactions).

In any event, a minor-role reduction would have helped Rojas only if the district court found him eligible for the "safety valve," 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a), which permits courts to sentence certain nonviolent, first-time drug offenders below the statutory minimum. To be eligible for safety-valve relief, a defendant must, among other things, truthfully provide to the government "all information and evidence" he has "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). The defendant bears the burden of proving by a preponderance of the evidence that he is eligible for safety-valve relief. *United States v. Olivas-Ramirez*, 487 F.3d 512, 516-17 (7th Cir. 2007). At sentencing the government argued that Rojas had lied to investigators during the safety-valve proffer. Prior to the time of sentencing, Rojas had told the arresting officers that he met with the supplier in Los Angeles during each of his three trips, and revealed to the agents that the drugs and cash had been hidden inside the truck's transmission in a trap that could hold up to 11 kilograms of cocaine. However, during the proffer he denied knowledge concerning the location of the trap and insisted that he met the supplier only on his third trip. At sentencing, Rojas's lawyer stated that these inconsistencies were attributable to a language barrier between him and the agents, but the district court disagreed and found that he had failed to meet his burden of proving that he was completely forthright and honest with the government during the proffering of his testimony.

Here, also, our review is for clear error. *See United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004). Rojas' lawyer asserted that his client's truthfulness had been obscured by faulty translation and this was adequate to meet his burden of proving by a preponderance of the evidence that he provided a full and honest disclosure on behalf of the government to the court. *See id.* at 637; *United States v. Ponce*, 358 F.3d 466, 468 (7th Cir. 2004). The district court found, however, that the discrepancies between Rojas's two accounts were not minor details that can be easily brushed aside because the inconsistencies speak to the level of his involvement in the conspiracy; he could not simply rest on his lawyer's assertion that the agents had misunderstood him. *See Montes*, 381 F.3d at 637; *United States v. Martinez*, 301 F.3d 860, 866 (7th Cir. 2002). Accordingly, based on this record we agree with defense counsel that it would be frivolous to argue that the district court clearly erred in finding Rojas ineligible for the safety valve exception.

Finally, counsel considered whether Rojas could challenge the reasonableness of his prison sentence. Rojas's guidelines range would have been 108 to 135 months if not for the 120-month statutory minimum, *see* 21 U.S.C. § 841(b)(1)(A)(ii), and the court imposed the

minimum sentence of 120 months.  Having concluded that Rojas was ineligible for the safety-valve relief, the district court was barred from reducing his sentence as requested. We agree with his counsel that any challenge to the reasonableness of Rojas's sentence would be frivolous.  *See Kimbrough v. United States*, 552 U.S. 85, 108 (2007); *United States v. Roberson*, 474 F.3d 432, 434 (7th Cir. 2007).

The appeal is DISMISSED, and counsel's motion to withdraw is GRANTED.