> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2010
Decided August 26, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-4071

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-36 |
| ROBERT A. HUFF, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

**O R D E R**

Robert Huff gave up his law practice and joined an established network that was growing marijuana on the west coast and selling it in Chicago and Milwaukee. The group was already under investigation when Huff became involved, and within a few months he and 30 others had been arrested by federal authorities. Huff pleaded guilty to conspiracy to possess and distribute marijuana, *see* 21 U.S.C. §§ 846, 841(a)(1), and stipulated that at least 1,000 kilograms could be attributed to the network. That amount ordinarily would trigger a 10-year minimum sentence, *id*. § 841(b)(1)(A)(vii), but the district court concluded that Huff was eligible for the "safety valve" and sentenced him to 24 months, *see* 18 U.S.C. § 3553(f). Huff filed a notice of appeal, but his appointed lawyer has concluded that the case is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Huff opposes counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified

in counsel's facially adequate brief and Huff's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Appellate counsel first questions whether Huff could challenge the voluntariness of his guilty plea or the adequacy of the plea colloquy. S*ee* FED. R. CRIM. P. 11(b). This discussion should have been omitted; Huff's lawyer represents that Huff seeks only to lower his prison term, so counsel should not be contemplating claims designed to undermine Huff's guilty plea. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel also assesses whether Huff might argue that it was clear error to deny him a two-level downward adjustment as a minor participant in the conspiracy; Huff proposes the same argument in his Rule 51(b) response. *See* U.S.S.G. § 3B1.2(b); *United States v. Munoz*, 610 F.3d 989, 993 (7th Cir. 2010). The district court found that Huff's role wasn't minor because, although he joined only 4 months before authorities broke up the drug ring, during that time he distributed 108 pounds of marijuana, traveled to California to negotiate a better price for a favored buyer, and allowed the head of the growing operation to use his Indiana vacation home while supervising the delivery of a load from the west coast. We agree with counsel that it would be frivolous to challenge the district court's decision as clearly erroneous. *See United States v. Lopez*, 545 F.3d 515, 517 (7th Cir. 2008); *United States v. Gonzalez*, 534 F.3d 613, 617 (2008); *United States v. Gallardo*, 497 F.3d 727, 741 (7th Cir. 2007).

Huff also proposes to argue that his total offense level should have been 15, not 17 as calculated by the district court. The court counted as relevant conduct only the 108 pounds of marijuana that Huff personally distributed (while discounting another 235 pounds that he stashed—unwittingly, he says—in his Chicago condominium). That quantity yielded a base offense level of 20. *See* U.S.S.G. § 2D1.1(a)(3), (c)(10). The court subtracted two levels because of the safety valve, *see id.* § 2D1.1(b)(11), and three more for acceptance of responsibility, *see id*. § 3E1.1. Those adjustments would have reduced the total to 15, except that for defendants like Huff, who otherwise face a minimum of five years in prison, "the offense level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17." *Id*. § 5C1.2(b)(2); *see United States v. Jackson*, 493 F.3d 1179, 1180 n.2 (10th Cir. 2007); *United States v. Keresztury*, 293 F.3d 750, 758-59 (5th Cir. 2002). Thus, a claim that the offense level is overstated would be frivolous.

Counsel and Huff also contemplate challenging the length of the prison term. The sentence is within the guidelines range and thus presumed to be substantively reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel has not thought of a reason to disturb that presumption. At Huff's urging, however, appellate counsel has considered arguing that the district court, in selecting a 24-month sentence, disregarded the directive of 18 U.S.C. § 3553(a)(6) to avoid

"unwarranted sentencing disparities" among similar offenders. *See Gall v. United States*, 552 U.S. 38, 54-56 (2007); *United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009). Huff had urged the court to place him on probation like two of his codefendants, and since instead he was sent to prison he assumes that the court must have ignored subsection (a)(6). But a court that sentences within a properly calculated guidelines range necessarily gives weight and consideration to avoiding unwarranted disparities. *See Gall*, 552 U.S. at 54 (2007); *United States v. Turner*, 604 F.3d 381, 389 (7th Cir. 2010); *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010). And "[n]othing is more common than for codefendants to receive different sentences." *United States v. Gammicchia*, 498 F.3d 467, 469 (7th Cir. 2007). We agree with counsel that this claim would be frivolous.

Huff also asserts, in his Rule 51(b) response, that the sentence is tarnished by a broken promise to tell the sentencing court about the nature and extent of his cooperation. Huff is correct that the prosecutor never recited this term of the plea agreement at sentencing, but the government did acknowledge that he cooperated with agents after his arrest and further debriefed after he was indicted. Twice the prosecutor assured the district judge that Huff had done what was necessary to benefit from the safety valve, which shaved eight years from his sentence. *See* 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5); *United States v. Corson*, 579 F.3d 804, 814 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1751 (2010); *United States v. Nagel*, 559 F.3d 756, 760 (7th Cir. 2009). The prosecutor, moreover, contradicted nothing that Huff or his lawyer said during allocution about his continuing cooperation in other investigations, and immediately afterward the prosecutor recommended a below-range prison sentence. The district court was fully informed, and so a claim that the prosecutor breached the plea agreement would be frivolous. *See United States v. Riggs*, 287 F.3d 221, 225 (1st Cir. 2002); *United States v. Prior*, 957 F.2d 478, 481-82 (7th Cir. 1992); *United States v. Wooten*, 942 F.2d 878, 883-84 (5th Cir. 1991).

Huff raises several other points in opposition to counsel's motion to withdraw, including his belief that all of his lawyers in the district court and in this court have been deficient. We have said often that a claim of ineffective assistance is best raised on collateral review where a complete record can be developed, and this case is no different. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005). The remainder of Huff's contentions have been considered and do not undermine our agreement with appellate counsel that this appeal is frivolous

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.